YARBOROUGH, ex'r v. WISE, adm'r.

1. A husband having died without reducing into possession the share of his wife, in her father's estate, the executor of the wife's father, supposing the administrator of the husband to be entitled to it, paid it over to him, by whom it was paid away in the course of his administration, the estate of his intestate being declared insolvent. The executor of the wife's father having brought an action

Yarborough, ex'r, v. Wise, adm'r.

to recover the money from the administrator of the husband, for money paid by mistake, in ignorance of the law: *held*, that he could not recover, as the money had passed from the hands of the administrator, before notice of the mistake, without the possibility of his reclaiming it.

ERROR to the Circuit Court of Chambers.

Assumpsit by the plaintiff against the defendant in error.

On the trial, it appeared in testimony, that the defendant's intestate married the daughter of the plaintiff's testator; that the plaintiff's testator, died, and also the defendant's intestate without having reduced into possession, the distributive share of his wife, in his father's estate. That plaintiff, under the belief that the defendant as administrator, was entitled to the share of his intestate's wife in her father's estate, paid it over to him, who applied the money in payment of a tract of land, contracted for by his intestate; that the estate has been declared insolvent, the land sold as part of the assets, and that the widow had agreed to take a part of its proceeds in lieu of dower, and it had been so assigned in lieu of dower.

The court charged, that upon these facts the plaintiff was not entitled to recover. To which the plaintiff excepted, and now assigns the charge of the court as error.

CHILTON, for plaintiff in error, cited 18 Wend. 319; 7 Paige, 137; 2 McCord's Ch. 455; 1 Hill's C. R. 251; Cook, 374, 467; 4 Littell, 125; 1 Edwards, 467; 1 Peters, 15; 2 J. C. R. 51; 1 Stew. 81; 2 Har. & Johns. 474, 500.

PECK, *contra*.

ORMOND, J.—This case has been argued in this court, and a reversal of the judgment asked, upon the ground that the money was paid under a mistake of the law, and that as the defendant, in right of his intestate had no claim to the money, it can be recovered back in this form of action. Conceding the general rule to be as stated, we do not think, under the circumstances of this case, there can be any recovery.

Assuming, as was doubtless the case, that the money was both paid, and received, in ignorance of the law, upon the supposition

that the representative of the husband was entitled to the distributive share of his wife in her father's estate, though he had not reduced it into possession during his life, the plaintiff cannot recover, unless the defendant can be placed it *statu quo.* If, as is shown by the facts of the case, the money has passed from the defendant in the course of his administration, and the estate is now insolvent, if a recovery is had against him, as he could not reimburse himself from the estate of his intestate, the loss must fall on him individully, whilst he is certainly not more to blame in receiving the money, than the plaintiff was in paying it over.

The principle which governs this class of cases is, that if money is paid by mistake to an agent, or stake-holder, so long as it remains in his hands, it may be recoved back, but if he pays it over before notice, he is not responsible, as it is not just that one man should lose by the mistake of another. [Burrough v. Skinner, 5 Burrow, 2639.] In Greenway v. Hurd, [4 Term. 553,] it was held, that an action would not lie to recover from a Custom House officer, duties which he had received after the act imposing them was repealed, and which, in ignorance of that fact, he had received and paid over.

A multitude of cases might be cited to the same effect, but the principle is too well established, to render it necessary or proper to encumber this opinion by adducing them. It does not appear in this case that the money was demanded from the defendant before it had passed out of his hands, without the possibility of his reclaiming it, and to permit it now to be recovered from him, would be in effect to punish him for the mistake of the plaintiff.

Let the judgment be affirmed.