## WILSON v. SERGEANT.

1. Money paid by mistake, by the administrator of an estate, to another administrator, may be recovered back, if demanded before paid out in the distribution of the assets of the estate.

2. The law implies a promise to pay whenever one has money in his hands belonging to another, which in *equo et bono*, he has not the right to retain.

Error to the Circuit Court of Franklin.

Assumpsit by the defendant, against the plaintiff in error.

Upon the trial, as appears from a bill of exceptions, Sergeant, administrator of the estate of Edmund O'Reilly, paid to Wilson, adm'r *de bonis non* of the estate of P. O'Reilly, $2,296 87, in part discharge of a decree, which had been obtained in the orphans' court of Franklin, in favor of the estate of the latter, against the estate of the former. Four days afterwards, Sergeant, ascertaining that he had not retained a sufficiency of the funds of the estate of E. O'Reilly, to pay his commissions, and the costs of court, applied to Wilson to pay him back the deficiency, viz : $601 91. Wilson made objection, that he apprehended he would be held responsible by the legatees for the sum so received, but on the promise of Sergeant, that he should not suffer, agreed to pay it back, received the receipt which had been previously executed, and wrote another for the reduced amount ; but it being late in the evening, did not pay over the money, but remarked he would do it in the morning. The next morning, he refused to pay it without a bond of indemnity, which Sergeant refused to give. Sergeant also proved by the record of the orphans' court, that the estate of E. O'Reilly was indebted to him about $180, in addition to the sum demanded to be paid back.

The court charged the jury, that the plaintiff was liable to the defendant only to the amount of the assets which came to his hands, after paying all legal expences, and any excess which he paid the defendant beyond that, he was entitled to recover back, and that a promise to pay back such excess,

Wilson v. Sergeant.

was a valid promise ; to which the defendant excepted.  He then asked the court to charge, that if the estate of E. O'Reilly was indebted to the estate of P. O'Reilly, in the amount paid by the plaintiff, and the plaintiff paid the money out of the assetts of E. O'Reily' estate, as the administrator, to the defendant, as the administrator of P. O'Reilly, then the plaintiff cannot recover back the sum sued for as a part of the money so paid, notwithstanding the plaintiff may not have retained enough in his hands to pay his commissions, and the costs of administering ; and notwithstanding the defendant may have promised to pay it back, if he could be safe in so doing.    This charge the court refused to give, and the defendant excepted.    This is the matter now assigned as error.

Nooe, for the plaintiff in error.

W. Cooper, contra, cited Elliott v. Swartwout, 10 Peters, 137 ;  Bond v. Hoyt, 13 Id. 263 ; Cary v. Curtis, 3 How. (U. S.) 236 ;  Yarbrough v. Wise, 5 Ala. 292.

ORMOND, J.—The principle which governs this case, is the one involved in the case of Yarbrough v. Wise, 5 Ala. 292—that money paid by mistake, to an agent, or stakeholder, may be recovered back, if he is notified of the mistake, before he pays it over to his principal.    There is no pretence here that the money was paid out in the distribution of the assets, or in the payment of the debts of the estate, before the demand made by Sergeant, and upon the well established principles of law, he could not refuse to refund it.

The charge moved for, assumes that if the money paid to the defendant, by the plaintiff, belonged to the estate of E. O'Reilly, it cannot be recovered back ;  but it is clear the assets of the estate in the hands of the plaintiff, consisted of the amount which would be left, after paying the charges against it, and the settlement subsequently made by the plaintiff, with the orphans' court, ascertains conclusively, the assets in his hands, subject to the payment of the debts.

We may lay entirely out of view, the promise of the defendant, as the law implies a promise to pay, whenever one has money in his hands, belonging to another, which *ex equo, et bono,* he has not the right to retain, and which on demand he refuses to pay to the right owner.    Judgment affirmed.