[Haney, Adm'r v. Conoly.]

57   179
105   551

# Haney, Adm'r *v.* Conoly.

## *Action on Receipt.*

1. *Error; assignments of, when not noticed.*—Assignments of error as to ruling upon demurrers which are not shown by the record, cannot be noticed.

2. Appellant's intestate gave C. a writing, showing that he, in 1868, had received of C. twenty dollars for W. C. declared in January, 1875, on the receipt, averring that defendant's intestate had never paid the money to W. and a demand before suit, and joining also a count for money had and received. On the trial, the only evidence was that C., who produced the receipt, owed nothing at the time the receipt was given, and that he demanded the money of defendant before suit. The court charged the jury, if they believed the evidence, to find for the plaintiff.

*Held :* 1. *Prima facie* the receipt imported that Conoly owed the money to W., and paid it to appellant's intestate, to be paid over to W.

2. If appellant's intestate, before either notice or demand by C., paid the money to W., C. could maintain no action against appellant's intestate; if, however, he failed to pay over in a reasonable time to W., then C. could maintain an action for breach of contract.

3. If appellant's intestate failed, during the period elapsing between the execution of the receipt and suit brought, to pay over the money, he was guilty of a gross breach of trust. While negative averments in general need not be proven, yet where they involve a charge of fraud, breaches of official duty, and violations of trusts of a kindred kind, the presumption of law is in favor of innocence ; and this rule requires the plaintiff, under the facts of the case, to make some proof that there was a failure to pay over the money.

APPEAL from Circuit Court of Dallas.

Tried before Hon. GEORGE H. CRAIG.

In July, 1868, appellant's intestate, R. M. Waddill, received of appellee, Conoly, twenty dollars, giving him a receipt therefor, which recited that he received the money for Wm. Waddill. In January, 1875, appellee sued appellant to recover the money thus paid his intestate, alleging that he had failed to pay over the money to Wm. Waddill. The complaint contains two counts: the first declaring specially on the receipt, and the other being the common form for money had and received. The record contains a demurrer to the complaint, but the ruling of the court thereon is not shown. The only evidence on the trial was that of appellee, that at the time of the execution of the receipt he was not indebted to Wm. Waddill, and that before suit brought he had demanded the money of the appellant. The court thereupon charged the jury, that if they

believed the evidence, they must find for the plaintiff; and this charge is now assigned for error.

JOHN P. TILLMAN, for appellant.

SATTERFIELD & YOUNG, contra.

STONE, J.—If the Circuit Court took any action on the defendant's demurrer, it is not shown by the record. We will not consider any question on the sufficiency of the complaint.

R. M. Waddill, appellant's intestate, executed a receipt in the following form: "$20. Received of John F. Conoly twenty dollars, for William Waddill. July 28th, 1868. (Signed), R. M. Waddill." The complaint contains two counts: the first special, declaring on the receipt, and averring that "the defendant's intestate never delivered said sum of money to said Wm. Waddill, and plaintiff demanded said sum of money of defendant before this suit was brought;" the second count is in the common form for money had and received. The present action was brought before the justice of the peace in January, 1875—more than six years after the said receipt was given. The only evidence in the cause was the said receipt, and testimony by plaintiff, Conoly, that at the time of the execution of said receipt he did not owe Wm. Waddill any money, and that before suit brought, he had demanded the money of Haney, administrator of R. M. Waddill's estate.

The *prima facie* intendments arising out of the receipt given in evidence, are, that Conoly owed the money to Wm. Waddill, and paid it to R. M., to be paid to William. If, before demand, or notice by Conoly, R. M. Waddill paid the money over to Wm. Waddill, then Conoly could not maintain an action against R. M. This proposition is too manifestly clear to require argument. On the other hand, if R. M. Waddill failed to pay over to William within a reasonable time, then Conoly can maintain an action against him for the breach of his contract.—See *Mardis v. Shackleford*, 4 Ala. 493, 506. The question presented by this record, is on the facts in this case, upon whom does the burden rest of proving that the money was or was not paid by R. M. to Wm. Waddill?

The general rule of law is, that negative averments in pleading need not be proved.—*Carpenter v. Devon*, 6 Ala. 718; *Walker v. Palmer*, 24 Ala. 358; 1 Greenl. Ev. § 74.

[Lyons v. Connor.]

But where the negative allegation involves a charge of fraud, or breach of official duty, and many other violations of trust of a kindred character, the onus is on the party making the charge; for the presumption of law is always in favor of innocence.—1 Greenl. Ev. §§ 78 to 81 inclusive.

According to the face of the contract in the present case, the money was confided to R. M. Waddill to be paid to William. The possession of the receipt by Conoly raises no presumption or inference that R. M. Waddill failed to pay the money over. If he did so fail for the long period which elapsed after he received it, he was guilty of a gross breach of confidence. We hold that in such case it was the duty of the plaintiff to make at least some proof that R. M. Waddill had failed to pay over, before the defendant should be required to adduce any proof on the subject.—*Burdine v. Roper*, 7 Ala. 466; *Wilson v. Sergent*, 12 Ala. 778; see, also, *Weeks v. Lowe*, 19 Ala. 25; *Branch Bank v. Parrish*, 20 Ala. 433; *Rutherford v. McIvor*, 21 Ala. 750.

We think this case very unlike that of *Vincent v. Rogers*, 30 Ala. 471. The charge given withdrew from the consideration of the jury all inquiry as to whether the money had been paid over to Wm. Waddill or not. This was an error, for which the judgment of the Circuit Court is reversed and the cause remanded.