# Hayes *v.* Woods.

*Action on Common Money Counts.*

1. *Bill of particulars; how made part of record.*—"A list of the items composing the account sued on " (Code, § 2984), like a bill of particulars at common law, is not a part of the record, unless made so by bill of exceptions; and when not so presented, it can not be considered by this court for any purpose.

2. *Action for money had and received, by mortgagor against mortgagee; lies when.*—When mortgaged property has been sold under a power in the mortgage, and the proceeds of sale have been paid to the mortgagee, an action of assumpsit lies against him, in favor of the mortgagor, to recover the surplus remaining in his hands after paying the mortgage debt and the reasonable costs.

3. *Same; proof of partial payments; statute of limitations as defense.* In such action, a material issue is as to the correct balance due on the mortgage debt, and the amount of credits to which the mortgagor is entitled; and proof of items for goods or chattels delivered as partial payments can not be rejected, because an action to recover their value would be barred by the statute of limitations, when the statute is not pleaded.

4. *Same; partial payments to mortgagee after assignment.*—Partial payments made to the mortgagee, after an assignment of the mortgage, are nevertheless valid credits, if he was in fact authorized to receive them as agent of the assignee.

5. *Same; purchase by mortgagor at sale under power; voluntary payment.*—If the mortgagor himself, acting through a third person, become the purchaser at the sale under the mortgage, the payment of the price bid can not be considered a payment voluntarily made, since the title to the land would not be divested by full payment of the debt before the sale, and the sale could only be avoided in equity; but, where the mortgage is of personal property, a different rule might prevail.

[Hayes v. Woods.]

6. *Same; whether action lies against mortgagee or assignee.*—The action lies against the mortgagee, although he has paid the money over to the assignee, when it appears that he joined with the assignee in making the sale, collected the money as agent for him, the assignee being a non-resident, and knew that the mortgagor claimed that the debt was paid.

7. *General objection to evidence partly admissible.*—A general objection to evidence, as " incompetent and irrelevant," may be overruled, if any part of the evidence is admissible, although a part is objectionable as secondary evidence.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

This action was brought by James Woods, against Charles B. Hayes, and was commenced on the 15th July, 1881. The complaint contained only the common money counts, claiming $800, alleged to be due from defendant to plaintiff, 1st, for money had and received October 1st, 1880; 2d, " by account stated on the 1st October, 1880, for goods, wares and merchandise sold and delivered;" and, 3d, " by account for money paid." The defendant pleaded, 1st, " that he is not indebted to plaintiff as charged in his complaint;" 2d, payment. Issue was joined on both of these pleas. At the November term, 1881, as the judgment-entry recites, " came the parties by attorneys, and defendant excepts to the bill of particulars furnished by plaintiff; which exceptions are overruled by the court, and defendant excepted." Indorsed on the transcript, after the clerk's final certificate, is a memorandum entitled " Bill of particulars," with defendant's objections (or exceptions) to its sufficiency; but there is no reference to it as a part of the record, nor is it made a part of the bill of exceptions reserved on the trial at the next term. On the trial, the defendant reserved several exceptions to the rulings of the court in admitting evidence offered by the plaintiff; some, on the ground that the particular items were not included in the bill of particulars furnished to him, and others on various grounds specially assigned, which appear in the opinion of the court. All the rulings to which exceptions were reserved on the trial are now assigned as error.

W. R. FRANCIS, and WATTS & SONS, for appellant.

MCCLELLAN & MCCLELLAN, *contra.*

SOMERVILLE, J.—When *an account* is the foundation of a suit, the statute provides that, at any time previous to the trial, the defendant is entitled, on notice, to " a list of the items composing it."—Code, 1876, § 2984. This is, in effect and substance, the same as the common-law bill of particulars. *Robinson's Adm'rs v. Allison,* 36 Ala. 525. That, however,

[Hayes v. Woods.]

was never regarded properly as a part of the record, and our practice is to make it so by incorporating it in the bill of exceptions.—1 Phil. Ev. (C. H. & E. notes), 4th Ed. 799; *Com. v. Davis*, 11 Pick. 432; *Prior v. Johnson*, 32 Ala. 27. This view precludes us from considering the memorandum copied in the record, and purporting to be a bill of particulars. It should have been embraced in the bill of exceptions, as a part of the proceedings in the cause.

The present suit is in *assumpsit*, embracing several counts, including *money had and received*, *goods sold*, and *money paid at request*. The exceptions reserved are all taken to the rulings of the court below on the evidence. The correctness of these are readily determined by a few plain principles of law of easy application.

The plaintiff in the lower court mortgaged his lands to the defendant, to secure a debt payable to defendant, for something over two hundred dollars. Very soon afterwards, the note and mortgage was assigned by the payee to one Black, for value received. Defendant, acting for the assignee, sold the land, for the sum of one hundred and fifty dollars, to one Phillips, who seems to have purchased at the request of plaintiff. The purchaser paid the mortgagee, Hayes, the sum of one hundred and twenty-five dollars and seventy-five cents, the amount claimed to be due on the mortgage debt, and he paid the balance to the plaintiff, Woods. The plaintiff claims that the mortgage debt was paid, and sues for the money. The items claimed as credits embrace chattels delivered, and money alleged to have been paid before and after the assignment of the mortgage debt.

There can be no doubt of the proposition, that when a mortgagee, in the exercise of a power of sale, sells either land or personal property conveyed by the mortgage, and has any *surplus* money remaining in his hands after paying the debt and reasonable costs, an action of *assumpsit* will lie against him, at the instance of the mortgagor, to recover it. As it is sometimes stated, "the mortgagee becomes a *trustee* for the mortgagor, as to the surplus received.—2 Jones Mort. §§ 1924–25, 1940; Jones Chat. Mort. § 817; *Blecker v. Graham*, 2 Edw. (N. Y.) 647; 1 Brick. Dig. 140, §§ 72 *et seq*. A most material issue, in all such cases, is the true and correct amount of the mortgage debt; and therefore, necessarily, the sum of the credits to which the debtor is justly entitled as payments upon it.

All the items of credit excepted to as evidence, either fall properly under the count for goods sold by the plaintiff to the defendant, or money had and received, or paid by request; or else there was evidence tending to show that they were to be considered payments on the mortgage debt. The fact that the

[Hayes v. Woods.]

item for cord-wood, and perhaps some others, were barred by the statute of limitations, can be of no benefit to the defendant, inasmuch as the statute was not pleaded, as is required to be done, in such cases, in courts of *law.—Huss v. Central R. R., &c.*, 66 Ala. 472; Ang. Lim. 285.

It is immaterial that some of the alleged payments on the mortgage debt were made *after* the assignment of it to Black. If made at any time, to one authorized to receive the money, they would, *pro tanto*, discharge the debt, and to this extent increase the surplus in the hands of the mortgagee, to which the plaintiff would become entitled after foreclosure under the power.

It is contended, that the money was paid by the plaintiff to the defendant *voluntarily*, because he authorized Phillips to bid for him at the mortgage sale. This would be a correct position, if the sale had been absolutely void, and not merely voidable, as the evidence shows it to be.—*Beene's Adm'r v. Collenberger*, 38 Ala. 647. But, even if the mortgage debt was entirely paid, such payment would not, in the case of *land*, operate to re-invest the title in the mortgagor, so as to defeat an action of ejectment at law. The legal title being still in the mortgagee, he could sue for the possession, and recover, although a different rule applies in cases of suit for personal property. *Slaughter v. Swift*, 67 Ala. 494; *Burns v. Campbell*, at the present term. The foreclosure, therefore, was only voidable in a court of equity, unless its preventive power by injunctive relief had first been invoked. The payment, in this view of the matter, can not be regarded as voluntary. It may rather be presumed to have been made by the mortgagor to save his property from sacrifice; or, as this court has said in another case, when discussing the subject of voluntary payments, "because there was an apparent subsisting means of enforcing the demand, without a resort to judicial proceedings, and *without giving the party* [*plaintiff*] *a day in court.*"—*Town Council v. Burnett*, 34 Ala. 400, 407, *per* WALKER, J.

There is no force in the argument, that defendant can not be made liable, because he was acting as the agent of the assignee of the mortgage, and had paid the proceeds of sale over to him. The sale was the joint act of himself and Black, both uniting to execute the power, as shown in the advertisement of sale. He also acted as Black's agent, the latter being a non-resident, and collected the money. He, furthermore, had notice of the fact, that the plaintiff denied his liability for the mortgage debt, on the ground that it had been paid. He should have held the fund in dispute until the rights of the contesting parties were determined.—2 Jones Mort. § 1940; *Yarborough v. Wise*, 5 Ala. 292; 2 Greenl. Ev. § 125.

The objection was properly overruled, which was taken to the plaintiff's statement, made when under examination as a witness, that "the mortgage was foreclosed, and the land sold on the 15th of November, 1880, and the balance due thereon (one hundred and twenty-six dollars) paid over to John W. Black." This evidence was not admissible, perhaps, for the purpose of proving the sale, which was afterwards proved by production of the deed and mortgage; and if the objection had been placed upon the ground, that the first clause of the statement was mere *secondary* evidence, it might have prevailed, as being correctly taken. But this point was waived by the broad objection urged against the whole of it, as being "incompetent and irrelevant."—*David v. David's Adm'r*, 66 Ala. 140; *Kilpatrick v. Pickens County*, *Ib.* 422.

We discover no error in the record, and the judgment is affirmed.