(105 So. 654)

## BARTLETT v. JENKINS.   (8 Div. 776.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

**1. Appeal and error** ⊙⟹1039(2)—**Clerical error in transposition of words "plaintiff" and "defendant" in count for money had and received held not ground for reversal.**

Count "for money had and received by the plaintiff to the use of the defendant" *held* not ground for reversal of judgment for plaintiff because of transposition of words "plaintiff" and "defendant"; such error being clearly clerical and self-correcting from plain intent and purpose of entire count.

**2. Mortgages** ⊙⟹376—**Count for surplus proceeds of foreclosure sale held to state cause of action.**

Count in assumpsit for surplus proceeds received by defendant from mortgage foreclosure sale *held* to state cause of action as averring mortgage, foreclosure sale under power of sale therein, and surplus received by defendant over amount which could be retained and paid out by mortgagee under mortgage contract.

**3. Mortgages** ⊙⟹376—**Mortgagor held entitled to recover surplus proceeds of foreclosure sale in action for money had and received.**

Under mortgage requiring mortgagee to return surplus proceeds of foreclosure sale to mortgagor after payment of expenses and amount of mortgage note with interest, mortgagor is entitled to recover any such surplus in action for money had and received; mortgagee being trustee for mortgagor as to such surplus.

**4. Executors and administrators** ⊙⟹430—**Administrator cannot create right to sue estate for surplus proceeds of mortgage foreclosure sale by bidding more than mortgage debt and reasonable expenses of sale.**

Administrator of mortgagee's estate cannot create right of action against estate for sur-

plus proceeds of mortgage foreclosure sale by bidding or having another bid more than amount secured by mortgage, including reasonable cost and expenses of sale, and judgment for such surplus against administrator in his representative capacity must be reversed.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action in assumpsit of J. R. Jenkins against J. R. Bartlett, as administrator of the estate of W. H. Bartlett, deceased. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

Street & Bradford, of Albertville, for appellant.

Count 3 does not aver the receipt of money or its equivalent, and is not good as one for money had and received. Dow v. Bradbury, 110 Me. 249, 85 A. 896, 44 L. R. A. (N. S.) 1041; Snodgrass v. Coulson, 90 Ala. 347, 7 So. 736; Burton Lbr. Co. v. Wilder, 108 Ala. 669, 18 So. 552. The administrator cannot, by any act of his, create a right of action against the estate he represents. Weeks v. Love, 19 Ala. 27; Godbold v. Roberts, 20 Ala. 354; Burdine v. Roper, 7 Ala. 466; Spotswood v. Bentley, 132 Ala. 266, 31 So. 445; Campbell v. American Co., 172 Ala. 456, 55 So. 306; Daily v. Daily, 66 Ala. 266; Lowery v. Daniel, 98 Ala. 451, 13 So. 527. The court erred in rendering judgment against defendant in his representative capacity. Brannan v. Sherry, 195 Ala. 272, 71 So. 106.

Orr & Killcrease, of Albertville, for appellee.

When a mortgagee sells property under power of sale and receives the proceeds, an action at law may be maintained against him for the surplus proceeds by the mortgagor. 27 Cyc. 1498; Hayes v. Woods, 72 Ala. 92. The present suit is not within the statute of nonclaim. Fretwell v. McLemore, 52 Ala. 124; Union Central v. Washburn, 158 Ala. 169, 48 So. 475.

MILLER, J.   This is an action of assumpsit by J. R. Jenkins against J. R. Bartlett, as administrator of the estate of W. H. Bartlett, deceased.

[1] The court tried the cause without a jury, rendered judgment in favor of the plaintiff, and from it this appeal is prosecuted by the defendant. There were three counts in the complaint. Demurrers were sustained to count 2.

The first count is for money had and received. There was no ruling by the court on demurrers to count 1. The defendant insists there could be no recovery under this count, because it alleges and claims "for money had and received by the plaintiff to the use of

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the defendant." It is true the word "plaintiff" should have been used where the word "defendant" appears and vice versa, but these errors in this count are clearly clerical, and self-correcting from the plain intent and purpose of the entire count. No reversible error can be predicated thereon. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88; Wilson v. McKleroy, 206 Ala. 342, 89 So. 584, last paragraph of opinion on rehearing; Cargall v. Riley, 209 Ala. 183, 95 So. 821 (headnote 1); Starr Piano Co. v. Zavelo, 212 Ala. 369, 102 So. 795 (headnote 3).

[2] The court overruled demurrers to count 3, which claims and sues for the surplus of the proceeds received by defendant from the foreclosure sale of real estate under a mortgage executed by plaintiff to defendant's intestate. This count sues for breach of a contract made between plaintiff and defendant's intestate. It avers plaintiff purchased from the defendant's intestate 80 acres of land for $5,000, and that $2,000 of the purchase price was paid in cash and a mortgage given on the land to defendant's intestate by plaintiff for $3,000 principal, balance of the purchase price, evidenced by five notes for one-fifth of the purchase price payable annually, with interest on the whole principal at 8 per centum per annum, which was calculated and included in the face of each note. It avers it was agreed in the mortgage contract, "in the event of default in the payment of the debt or any part thereof, secured by said mortgage," the power of sale would become operative, and in event of a foreclosure, from the proceeds of sale the mortgagee was authorized to pay the expenses of advertising, selling, and conveying, and the amount with interest due on said note, and, "if there be a surplus of said proceeds derived from the sale at such foreclosure, same would be returned to the plaintiff." This count then states:

"Plaintiff avers that the defendant breached said contract in this, that, default being made in the payment of one of the notes due and secured by said mortgage, the defendant foreclosed the same, sold said lands, and at said sale, a large sum was obtained for the same, to wit, $4,119.67, which amount is $1,000 in excess of the balance of the principal, interest, and expense of advertising, selling, and conveying the same, which amount the defendant has failed and refused to pay over to the plaintiff as he contracted and agreed to do; hence this suit."

A copy of the mortgage is attached to, and made a part of, this count. This count states a cause of action against the defendant. It avers a mortgage on the land, a foreclosure sale under the power of sale therein, and a surplus received by the defendant over the amount which could be retained and paid out by the mortgagee under the mortgage contract.

[3] It is true it alleges a "large sum was obtained for the same, to wit, $4,119.67, which amount is $1,000 in excess of the balance of the principal, interest, and expenses of advertising, selling, and conveying same," but the averments of this count are equivalent to stating the defendant received from the foreclosure sale of the land under the mortgage the sum of $4,119.67, and this amount included a surplus of $1,000 which was due plaintiff under the mortgage contract. For this surplus an action for money had and received may be maintained by the plaintiff. "The mortgagee becomes a trustee for the mortgagor, as to the surplus received." Hayes v. Woods, 72 Ala. 94. This count was not subject to the demurrers assigned to it, and the trial court did not err in overruling them. Burton Lbr. Co. v. Wilder, 108 Ala. 669, 18 So. 552; Hayes v. Woods, 72 Ala. 92 (headnote 2).

[4] The defendant pleaded general issue, and that the claim was barred because it was not presented or filed as and when the statutes (sections 2589 and 2590, Code 1907) require. There is evidence clearly indicating that defendant's intestate sold and conveyed the land described in count 3 to plaintiff for $2,000 cash and $3,000 on time. The plaintiff executed this mortgage to the defendant's intestate on the land to secure the balance of the purchase price, as averred in count 3. It is clear from the evidence and without dispute that default was made in the payment of the first note secured by this mortgage. The mortgage was foreclosed by the defendant under the power of sale therein. James E. Snead purchased the land at the sale for the sum of $4,119.67. He was acting for and purchased the land for the defendant. The auctioner conveyed the land by deed dated April 11, 1921, to James E. Snead, for a recited consideration of $4,119.-67. James E. Snead by deed dated April 12, 1921, conveyed the land to the defendant for a recited consideration of $4,119.67. The defendant received no money from the foreclosure sale; James E. Snead purchased the land in fact for the defendant at that price at the sale under instruction from the defendant. He paid no money either to the defendant or the auctioneer. This price bid for the land ($4,119.67) was in excess of the amount secured by the mortgage, and included unearned interest on the principal of notes then not due. This administrator of the estate of the decedent was unauthorized to bid or have another to bid at this sale for the land for the estate of the decedent a sum in excess of the amount, including reasonable cost and expenses of the sale, which were secured by the mortgage. This administrator cannot by this act of his create a right of action against the estate of the decedent for the surplus in this bid made by him or for him for the land for the estate of decedent. It is obvious by such acts, if permitted,

an administrator could bankrupt the estate by bidding in the property for the estate at a mortgage foreclosure sale by him for an amount in excess of the amount secured by the mortgage. This court, in Weeks v. Love, 19 Ala. 27, wrote:

"It is too well settled to require the citation of authority, that an administrator cannot by any act of his create a right of action against the estate he represents, however he may subject himself to personal liability."

See, also, Campbell v. American B. Co., 172 Ala. 458, 55 So. 306; Godbold v. Roberts, 20 Ala. 354; Burdine v. Roper, 7 Ala. 466; Lowery v. Daniel, 98 Ala. 451, 13 So. 527; Spotswood v. Bentley, 132 Ala. 266, 31 So. 445; Daily v. Daily, 66 Ala. 266.

Under the undisputed evidence, the plaintiff shows no right of action, no right to a recovery against the estate of the decedent, and this suit is against the administrator in his representative capacity, and the judgment was so rendered. Authorities supra. This was reversible error. This judgment is founded on error, and it is reversed; one will be entered here in favor of the defendant, and the plaintiff will be taxed with the costs of this court and the trial court.

Reversed and rendered.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.