(112 So. 215)

### HUNTER v. LAUDERDALE COTTON MILLS. (1 Div. 441.)

Supreme Court of Alabama.   March 31, 1927.

**1. Carriers ⊂⊐195—Prepaid freight, on failure of carrier to deliver goods, may be recovered in action for money had and received.**

Prepaid freight, on failure of carrier to perform contract of carriage, may be recovered in an action for money had and received, no express contract to contrary appearing, since consideration for advanced payment having failed, money paid becomes ex equo et bono property of shipper, and law raises implied contract to refund.

**2. Shipping ⊂⊐152—Where carrier failed to deliver goods, carrier could not retain, out of prepaid freight, money paid another for shipping space.**

Where carrier did not perform contract of carriage, carrier could not retain, out of prepaid freight, money paid to another for shipping space in schooner, where it was not shown that shipper knew that portion of money was to be so used, or that it was paid out at shipper's instance or with his consent.

**3. Principal and agent ⊂⊐65—Trusts ⊂⊐250—Where money, received in trust to be delivered to another, is delivered before trust is revoked, trustee or agent is not liable for refund of money.**

Where money is received in trust to be delivered to another, and is so delivered before trust is revoked, trustee or agent cannot, as of course, become liable for refund of money.

**4. Carriers ⊂⊐195—That carrier has used money in payment of his own obligations does not defeat shipper's claim for his money back on failure to perform.**

That carrier has used money, paid in advance, in payment of his own obligations does not defeat claim of shipper for his money back on failure to perform.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by the Lauderdale Cotton Mills against J. W. Hunter and others. From a judgment for plaintiff, the named defendant appeals. Transferred from the Court of Appeals, under Code 1923, § 7326. Affirmed.

Pillans, Cowley & Gresham, of Mobile, for appellant.

The action for money had and received will lie only when the defendant has in his hands or possession money which in equity and good conscience belongs to plaintiff. Haney v. Conoly, 57 Ala. 179; Young v. Garber, 149 Ala. 196, 42 So. 867; 27 Cyc. 849; Wells v. Brigham, 6 Cush. (Mass.) 6, 52 Am. Dec. 751; Farmers' Bank v. Shut & Keihn, 192 Ala. 53, 68 So. 363. Plaintiff must show defendant's possession of the money. Merchants' Bank v. Rawls, 7 Ga. 191, 50 Am. Dec. 394. Money paid under such circumstances as that it would be recoverable back if demand be made before it passes out of defendant's hands, he may not be held liable if demand be not made until after he has parted with the possession. Haney v. Conoly, supra; Wilson v. Sergeant, 12 Ala. 778. One getting money in a representative capacity is not liable in an action against him personally as for money had and received. Calvert v. Marlow, 6 Ala. 337. The action is subject to equitable defenses. L. & N. v. Camody, 17 Ala. App. 158, 82 So. 648.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

Without a showing that the sum alleged in plea 10 was paid by defendant with plaintiff's knowledge and at its instance or request, defendant is not entitled to a reduction on that account. Norton-Crossing Co. v. Martin, 202 Ala. 569, 81 So. 71.

#### Statement.

The complaint contained the common count for money had and received, and a special count as follows:

"Count 5. The plaintiff claims of the defendant the sum of $978.64 for that heretofore, to wit, on September 20, 1920, the defendants, together with one John H. Andrews and one Henry Brant, as administrator of the estate of Amos Brant, deceased, who is sole heir at law and distributee of Amos Brant, deceased, were the owners of the American schooner 'Three Marys,' and were then and there engaged in the business of operating the said schooner in the carriage of merchandise for hire, and upon said date received from the plaintiff, at Mobile, Ala., 76 cases of cotton piece goods, and agreed to transport the same by the said American schooner 'Three Marys' to the port of Havana, Cuba, and there to deliver the same to the respective consignees named in the bills of lading issued for said shipments, the danger of the seas and fire only excepted, and plaintiff then and there paid to the owners and operators of the said vessel the aforesaid sum of $978.64 as freight for the services to be performed in so transporting said goods from Mobile, Ala., to Havana, Cuba, but while en route from Mobile to Havana, on said voyage, the said vessel was wrecked by storms and rendered unable to complete the said voyage, and was brought back to Mobile with said goods on board, and the said owners and operators of the said vessel then and there abandoned any further effort to deliver plaintiff's said goods to Havana as agreed, and ceased to operate

---

⊂⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the said vessel, yet, notwithstanding their failure to perform the aforesaid contract to deliver the said goods in Havana as aforesaid, they have failed and refused to pay, and still fail and refuse to pay to the plaintiff, the aforesaid sum paid by the plaintiff to them as freight and compensation for the performance of the said agreement, which, in fact, never performed, wherefore plaintiff sues and claims of the defendants the aforesaid sum of $978.64, together with the interest thereon."

A special plea, pro tanto, was interposed as follows:

"(10) And for plea and answer to the plaintiff's complaint and separately and severally to each count thereof, pro tanto, the said defendants J. W. Hunter, Estelle P. Kirkbride, Robin Herndon, and W. L. Whiting say that in no event can the total liability for return of prepaid freight exceed in the aggregate the sum of $702.48; for that at the time of making of the freight engagement in the said complaint mentioned, the said schooner 'Three Marys' was already under charter, for her entire carrying space, to the McGowin Lumber & Export Company; and, in order to take plaintiff's goods, it was necessary to procure the leave and consent of the said McGowin Lumber & Export Company. And these defendants aver that in order to procure that consent it was necessary to pay, and the said named defendants did pay, unto the said McGowin Lumber & Export Company the sum of $234.16 out of the said prepaid freight so paid by plaintiff to the said J. W. Hunter, as managing owner of the said schooner 'Three Marys.' And these defendants aver that the said payment so made to the McGowin Lumber & Export Company was arrived at by taking 25 per cent. of the amount of freight paid by the Lauderdale Cotton Mills. And these defendants aver that the said arrangement with the said charterer had to be made, and was made, by the said J. W. Hunter, as managing owner as aforesaid, before he could make and before he did make the contract of carriage for the Lauderdale Cotton Mills goods. And these defendants aver that when the said freight was prepaid by the said Lauderdale Cotton Mills to the said J. W. Hunter, the said Hunter was a mere conduit for that portion of it which went to the McGowin Lumber & Export Company as aforesaid.

"And these defendants aver that the said J. W. Hunter paid over the said sum of $234.16 to the said McGowin Lumber & Export Company promptly and before any demand was made upon the said Hunter for any of the defendants by the Lauderdale Cotton Mills for the return of the money, which the Lauderdale Cotton Mills now seek to recover back in this action."

The demurrer raised the point that the plea failed to show the sum, paid as alleged in the plea, was paid for the benefit of the plaintiff, or at its request; that plaintiff was not concerned as to defendant's arrangements for shipping space, nor the amount paid by defendant to a third person for that purpose.

The demurrer was sustained, and defendant appeals on the record to review the ruling on the demurrer cutting off the partial defense sought to be interposed.

## Opinion.

BOULDIN, J. [1] Prepaid freight, upon failure of the carrier to perform the contract of carriage, may be recovered in an action for money had and received, no express contract to the contrary appearing. The consideration for the advance payment having failed, the money paid becomes ex equo et bono the property of the shipper, and the law raises an implied contract to refund. Norton-Crossing Co. v. Martin, 202 Ala. 569, 81 So. 71.

Appellant does not question this rule, but seeks a reduction for the amount paid out under conditions stated in plea 10. Count 5 alleges that the amount claimed was paid as freight for the transportation service to be performed. The plea is construed in connection with the complaint.

[2] It nowhere avers plaintiff was informed that a portion of the money it was paying was to go to another for shipping space; that the money was so paid out at the shipper's instance, or with its knowledge and consent. Perchance the shipper would not have entered into the charter party if informed that he was not only paying freight to the carrier, but added charges to another for shipping space.

As for the rights of the shipper to recover the money paid for services never rendered, the credit claimed can stand on no higher ground than any other expense incurred by the carrier in undertaking to carry out his contract of affreightment.

[3] Where money is received in trust to be delivered to another, and is so delivered before the trust is revoked, the trustee or agent cannot, as of course, become liable for a refund of the money. In such case, the plaintiff must aver and prove the money had not been delivered when demand for return was made. Haney v. Conoly, 57 Ala. 179. The same principle is involved in Wilson v. Sergeant, 12 Ala. 778.

[4] If the charter party calls for certain outside charges to be paid out of the gross fund paid to the carrier, the recovery cannot include the funds so applied. This, under the like principle. The carrier is, in effect, an agent to pass the fund to another. The fact that the carrier has used the money in payment of his own obligations in no way defeats the claim of the shipper for his money back on failure to perform. The distinction is obvious.

There was no error in the ruling on demurrer.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.