180 So. 95
### TURNER v. WILLIAMS et al.
#### I Div. 999.

Supreme Court of Alabama.

March 24, 1938.

James E. Duggan and Chas. A. Cunningham, both of Mobile, for appellees.

Jere Austill and Harry T. Smith & Caffey, all of Mobile, for appellant.

504

KNIGHT, Justice.

The plaintiffs, appellees here, stated their cause of action against the defendant, appellant, in four counts; two common counts for money had and received, and two for breach of contract under seal.

The defendant, among other special pleas, pleaded the statute of limitations of six years. Code 1923, § 8944. There was no demurrer to any of the pleas.

The language of plea 4 is: "That the action of the plaintiffs is barred by the statute of limitations of six years."

If counts 3 and 4 state a cause of action for breach of a written contract under seal, then, confessedly, the action would not be barred by the statute of limitations of six years, but the limitation would be ten years. Code, § 8943.

This court has repeatedly held that when issue is joined on an immaterial plea, without objection to its sufficiency, and its averments are proved, the defendant is entitled to the general charge. McGhee & Fink v. Reynolds, 117 Ala. 413, 23 So. 68; Taylor v. Smith, 104 Ala. 537, 16 So. 629. However, as a matter of law, if counts 3 and 4 stated a cause of action for the breach of a contract under seal, the plea was not proven, as such actions are not barred in six years. Rasco et al. v. Jefferson, 142 Ala. 705, 38 So. 246. The Code authorizes the defendant to plead a mere conclusion, and if the facts of the case do not support the conclusion, the plea is not sustained.

The real, in fact, the only question here argued for reversal of the judgment relates to the action of the court in refusing to give, at the written request of the defendant, the general affirmative charge in his behalf. This, upon the theory that the plaintiffs' cause of action, if they ever in fact had a cause of action against the defendant, was for a breach of a simple contract, within the statute of limitations of six years. A review of the evidence is, therefore, necessary to a proper understanding of the case, and of the conclusion here reached.

We will first state the evidence as it appears in the record without conflict, and then later state the tendencies of the evidence of the respective parties, where there are conflicts.

It appears that Mrs. Ella C. Robinson became indebted to the defendant in 1917 in the sum of $7,500, for borrowed money, and to secure the loan she and her husband, Dr. C. P. Robinson, executed to the defendant, on October 30, 1917, a mortgage on certain described real estate in the city of Mobile, Ala.

In the year 1919, while said mortgage was still outstanding and unpaid, Mrs. Ella C. Robinson died, leaving a last will and testament, which was duly admitted to probate and record in the probate court of Mobile county, Ala., on the 11th day of February, 1919. By her will, Mrs. Robinson devised a life estate in said property to her husband, Dr. Robinson, with remainder in fee to the plaintiffs. Thereafter, and before the foreclosure of said mortgage, Dr. Robinson, the life tenant, sold and conveyed "all of his right, title, interest and claim" in and to said mortgaged property to the remaindermen, viz., the plaintiffs in this cause.

It appears that at some time prior to the foreclosure, a payment of $2,500 was made on the mortgage indebtedness.

On May 2, 1927, the mortgage indebtedness not having been paid, and the mortgagors being in default, the defendant sold the property, after due notice by advertisement, under the power of sale contained in

the mortgage, and at this sale the defendant became the purchaser at and for the sum of $7,390.83.

The mortgage contained the following provision: "And the mortgagors hereby vest the mortgagee with full power and authority, upon the happening of a default in the payment of either of said principal notes, or of any installment of interest thereon, or upon any default in the performance of any of the covenants and agreements herein contained, to sell said property at public outcry in the city of Mobile, for cash to the highest bidder, after giving ten days notice of the time and place of sale by an advertisement published in three different issues of a newspaper published in the city of Mobile; to make proper conveyance to the purchaser; and the proceeds of said sale to apply first, to the payment of the costs of said sale, including a reasonable attorney's fee; second, to the payment of the amount of said principal notes, whether due or not, with the unpaid interest thereon to the date of sale, and any amount that may be due the mortgagee by virtue of any of the special liens herein declared; and, third, the balance, if any to pay over to the said Ella C. Robinson."

The mortgage concluded as follows:

"In witness whereof, the mortgagors do hereunto set their hands and seals this the 30th day of October, 1917.

        "Ella C. Robinson  [Seal.]
        "C. P. Robinson  [Seal.]"

The basis of plaintiffs' claim, as disclosed by their testimony, was that there was due on the mortgage, at the time of the foreclosure, only the sum of $5,954.55, and that the difference between the purchase price and the amount of the debt due represented a surplus, realized from the foreclosure, to which plaintiffs, as holders of the equity of redemption, were entitled.

The defendant, on the other hand, denied that the indebtedness secured by the mortgage was only $5,954.55, and claimed that the amount which he bid at the foreclosure sale, viz., $7,390.82, was the exact amount due under, and secured by, the mortgage, so that there was no surplus. The basis of the difference between the parties was, in the main, the reasonable costs of certain repairs that Turner claimed he had made upon the property, or for which he had paid, as provided in the mortgage. There was a contention also as to the amount of a reasonable attorney's fee that

the defendant should be allowed in having the property sold under the mortgage.

At the conclusion of the evidence, the defendant requested in writing the general affirmative charge in his behalf, based upon the theory that the foreclosure sale was had on May 2, 1927, and the suit was not filed until March 14, 1936, which was more than eight years after the accrual of plaintiffs' alleged cause of action.

The court refused to give the general affirmative charge for defendant, as requested. The trial resulted in verdict for plaintiffs for $900, and judgment was duly entered thereon.

Was the defendant, under the evidence, entitled to the general affirmative charge? This is the only question here presented for determination.

The appellant, in brief, presents the following questions, which he insists should be answered in the negative: "(1) Whether a mortgage, signed only by the mortgagors and not by the mortgagee, is a sealed instrument as against the mortgagee, when it does not purport to be signed or sealed by the mortgagee. (2) Whether, if it should be construed as a sealed instrument, as between the mortgagors and the mortgagee, it is a sealed instrument, obligating the mortgagee to pay over any surplus on purchase price to third persons to whom the property has been devised or otherwise conveyed."

The questions here presented have not been given the same answer by the courts. There is some contrariety of holdings, but we are of the opinion that the great weight of authority supports the proposition that the covenant embodied in the mortgage to pay over any surplus of the proceeds, over and above the amount of the mortgage debt, interest, costs, and charges provided for in the instrument, to the mortgagor, is of the same character and dignity as is the obligation of the mortgagor to pay and discharge the mortgage debt; and in the instant case, is an obligation under seal, to which the statute of limitation of ten years applies. We confess we have been unable to find any adjudication of this court directly in point, but, on principle of "mutuality and fair dealing, no distinction should be made as between the binding character of an instrument if made by one and accepted by the other."

In R.C.L. Vol. 7, p. 1088, § 5, the author, in writing to the question here involved, observes: "The courts of some jurisdictions

have disregarded the technical rule applicable to actions on covenants, and have laid down the rule that when an estate is conveyed by a deed poll containing covenants to be performed by the grantee, and the grantee accepts the conveyance, the deed, though signed and sealed by the grantor, will be deemed the deed of both parties, and the grantee will be as effectually bound by the covenants as though he had executed the instrument. * * * The covenant is a single and indivisible thing, and, being so, most of the courts hold the covenantee bound on acceptance by estoppel as firmly as is covenantor by his formal act. * * * It has been said that the equitable rule has much to commend it, while the technical rule is the product of the slavish adherence to forms which did so much to deform the common law, and is without any merit entitling it to favor; and hence it is that the better reasoned cases support the equitable doctrine. * * * The acceptance of a deed poll implies a promise on the part of the grantee to perform the covenants to be performed on his part."

In Huyler's Executors v. Atwood, 26 N.J.Eq. 504, it was held: The acceptance by the grantee of a deed containing a covenant that the grantee will pay the mortgage existing on the premises is the covenant of the grantee, though the deed be not sealed by him.

In Crawford v. Edwards, 33 Mich. 354, it was held: The acceptance by the grantee of a deed conveying land subject to a specified mortgage, and providing that he shall assume and pay said mortgage, binds him as effectually "as though the deed were inter partes, and executed by both grantor and grantee."

In the case of MacAdaras v. King, 10 Mo.App. 578, it was held: The acceptance of a deed subject to a trust deed to secure certain notes which the grantee assumes amounts to a covenant that the grantee will pay the debt.

In the case of Hendricks v. Brooks, 80 Kan. 1, 101 P. 622, 133 Am.St.Rep. 186, it is said: "The acceptance of a deed, by the terms of which the grantor warrants the land to be free and clear of all incumbrances, 'except a mortgage * * * which grantee assumes and agrees to pay,' makes it a contract in writing, binding upon the grantee, to pay the mortgage, and suit can be instituted upon it, and the same rights maintained as though the deed were also signed by the grantee."

In the case of Brownson v. Hannah, 93 Fla. 223, 111 So. 731, 51 A.L.R. 976, which is similar in all respects to the instant case, the Supreme Court of Florida held, that by accepting the deed poll, the grantee became bound to perform the covenants therein contained; that the acceptance was equivalent to a promise under seal; and that the statute of limitations applying to simple contract action did not apply.

In the case of Beeson v. Green, 103 Iowa 406, 72 N.W. 555, it was held: "When a deed containing a covenant by the grantee assuming and agreeing to pay a mortgage on the land is accepted by him, he obligates himself to pay the mortgage as fully as if he had signed the deed." This principle was reaffirmed, with citation of numerous authorities, in the more recent case from that court of Sexauer v. Wilson et al., 136 Iowa 357, 113 N.W. 941, 944, 14 L.R.A., N.S., 185, 15 Ann.Cas. 54. In this last case, Justice Ladd, in speaking for the Iowa Court, observed: "Cases to the contrary proceed upon the theory that an action of covenant is of technical nature, and cannot be maintained, except against the person who by himself or some other person in his behalf has executed a deed under seal or under peculiar circumstances has agreed to do a certain thing. Kennedy v. Owen, 136 Mass. 199; Maule v. Weaver, 7 Pa. 329; Johnson v. Muzzy, 45 Vt. 419, 12 Am.Rep. 214. Without entering upon a discussion of the merits of the controversy already discussed with much learning in the books, we are content to adhere to the equitable rule that acceptance of a deed poll binds the grantee to the performance of covenants contained therein, supported as it is by the better reasoned cases and in effect approved by previous decisions of this court."

Mr. Thompson in his treatise on Real Property, par. 1200, writes: "While it is said that a covenant can only be created by a deed, yet it may as well be by deed poll as by indenture. * * * While it has been held that the technical action of covenant could not be maintained against a grantee under a deed poll, because he had not signed the deed, it is commonly said that the preponderance of authority is the other way."

In 37 Corpus Juris, p. 754, § 82, the author in writing of covenants in deeds, observes: "An action for breach of covenant of warranty contained in a deed, or of a covenant of seizin therein has been

'held to be an action on a sealed instrument within the various statutes of limitation, as also is an action against the grantee on covenants in a deed accepted by him."

To like effect is the holding in the case of Atlantic Dock Co. v. Leavitt, 54 N.Y. 35, 13 Am.Rep. 556.

Of course, our own court has repeatedly held that, by accepting the deed, the grantee becomes personally liable for the payment of any mortgage on the property which he, as such grantee, assumed to pay, People's Sav. Bank v. Jordan, 200 Ala. 500, 76 So. 442; United States Fire Ins. Co. et al. v. Smith, 231 Ala. 169, 164 So. 70, 103 A.L.R. 1468, but the precise question here presented did not arise in any of our former decisions.

From a careful review of the adjudged cases in other jurisdictions, we are of the opinion that the court properly declined to give the charge requested by the defendant upon the theory that the action was barred by the statute of limitation of six years.

It is next insisted that even if the mortgage could be considered the sealed contract of the mortgagee, there was no promise on his part to pay the surplus to plaintiffs.

It must be borne in mind that long prior to the foreclosure of the mortgage, the plaintiffs acquired, by the will of Mrs. Robinson, and the conveyance by Mr. Robinson, the equity of redemption in the property conveyed by the mortgage to the defendant. Therefore, the surplus proceeds became the property of the plaintiffs, and the defendant's covenant to pay this surplus over to Mrs. Robinson must be construed and held to require the payment to be made to the plaintiffs. 23 Corpus Juris, p. 1146; Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399; Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Perry v. Seals, 186 Ala. 514, 65 So. 151; Bean v. Pearce, 151 Ala. 165, 44 So. 83. There is no merit in the last contention of appellant.

We are familiar with the rule that the mortgagor, or those succeeding to her rights, might also maintain an action for money had and received, subject, however, to the right of defendant to plead the shorter statute of limitation. Hayes v. Woods, 72 Ala. 92; Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654. In the instant case, the plaintiffs resorted to both remedies; assumpsit and covenant.

Finding no reversible error in the record, the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.