The defendant, Tommy Springer, appeals from the entry of a summary judgment in favor of the plaintiff, Baldwin County Federal Savings Bank ("Bank"). We reverse and remand.
The issue is whether a mortgagee who purchases the mortgaged property at a foreclosure sale and then resells it to a third party during the statutory redemption period is required to apply the profit (the sum realized by the mortgagee in excess of the amount it paid at foreclosure) to the reduction of the mortgagor's debt. We conclude that the mortgagee is obligated to apply such profit to the credit of the mortgagor.
In 1985, Springer executed a "balloon mortgage note" to the Bank in the amount of $100,600, secured by a mortgage on a condominium unit in Gulf Shores, Alabama. In 1987, Springer defaulted, and the Bank foreclosed on March 28, 1988. The Bank, as mortgagee, purchased the property at the foreclosure sale for $88,200. Three days later, it resold the property to a third party for $99,000. The resale occurred during the one-year statutory period of redemption. Code 1975, § 6-5-230
et seq.[1] The Bank did not credit to Springer's debt the $10,800 it realized in excess of the amount it paid for the property at the foreclosure sale. In July 1988, the Bank sued Springer for a deficiency in the amount of $20,885.76, plus interest, costs, attorney fees, and expenses. Springer asserted as an affirmative defense that the profit realized upon the property's resale resulted in payment, release, waiver, and/or accord and satisfaction as to all or part of the debt. The trial court entered a summary judgment in favor of the Bank for the full amount of the deficiency claim. Springer appealed.
Springer argues that the $10,800 profit must be credited against his debt, and that to do otherwise would constitute unjust enrichment to the Bank and would frustrate the policy of the redemption statutes, citing Code 1975, § 6-5-253(d) (Cum.Supp. 1988).[2] The Bank argues that Springer's remedy and protection was the statutory right of redemption, which he let expire without exercising, and that the purchaser of foreclosed property is the beneficiary of any income generated by the property prior to redemption, citing § 6-5-253(c) (Cum.Supp. 1988).[3]
At the outset, we note that this Court has held that a mortgagee is, in a sense, a trustee for the mortgagor, and is charged with the "duty of fairness and good faith in its execution to the end that the mortgagor's property may be disposed of to his pecuniary advantage in the satisfaction of his debt." J.H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443,455, 212 So.2d 831, 843 (1968) (citation omitted).
Under § 6-5-253(c) (Cum.Supp. 1988), the "purchaser" is entitled to "all rents paid or accrued . . . to the date of the redemption." In this case, we are concerned with more *Page 140 
than "rents." A resale of the property after foreclosure and during the redemption period is more analogous to the situations contemplated by § 6-5-253(d) (Cum.Supp. 1988), whereby the mortgagor is entitled to receive a credit on the debt when timber off the property is cut and sold; when oil, gas, or minerals, etc., are taken from the property and sold; or when buildings on the property are destroyed or diminished in value. In Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654
(1925), this Court recognized that the mortgagee's trustee relationship with the mortgagor continues in some instances after foreclosure and held that when mortgaged property is sold at a foreclosure sale "[t]he mortgagee becomes a trustee for the mortgagor, as to the surplus received." Id.,213 Ala. at 511, 105 So. at 655 (citation omitted). The profit realized by the mortgagee upon resale of foreclosed property during the redemption period is derived from the value of the property itself. The mortgagee, as trustee for the mortgagor, is obligated to apply that profit realized after foreclosure and during the redemption period to the reduction of the mortgagor's debt, no less than when timber, oil, gas, or minerals are taken and sold. For the mortgagee to be allowed to do otherwise would violate the duty owed the mortgagor.
Therefore, the judgment is reversed, and the cause is hereby remanded with instructions for the trial court to credit against Springer's debt the sum realized by the Bank in excess of the amount it paid for the property at the foreclosure sale.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.
[1] Code 1975, § 6-5-230 et seq. was repealed by Act 88-441, § 14, Alabama Acts 1988, effective January 1, 1989.
[2] "(d) Any one entitled and desiring to redeem shall be granted a credit as against the amount of money required to be paid for redemption as follows:
"(1) For all timber cut or sold on the land by the purchaser or his or her transferees, during the statutory period of redemption.
"(2) For any oil and gas, minerals (including coal bed gas), sand, and gravel, taken from the land or sold, and for advanced royalties or bonuses received by the purchaser or his or her transferees, during the statutory period of redemption.
"(3) To the extent the value of the property is diminished when any structures or buildings are changed, removed, demolished or destroyed by the purchaser or his or her transferees during the statutory period of redemption."
[3] "(c) The purchaser shall be entitled to all rents paid or accrued including oil and gas or mineral agreement rentals to the date of the redemption, and the rents must be prorated to such date. The purchaser or his or her transferee and his or her tenants shall have the right to harvest and gather the crops grown by them on the place for the year in which the redemption is made, but must pay a reasonable rent for the lands for the proportion of the current year to which such redemptioner may be entitled."