# Clark v. Johnson, et al.

### Bill to Enforce Equity of Redemption.

(Decided June 18, 1908.   47 South. 82.)

1. *Mortgages; Foreclosure Under Power; Recitals in Deed; Prima. Facie Evidence.*—Where a deed to a purchaser on foreclosure sale contains recitals showing a compliance with the powers in the mortgage such recitals are prima facie evidence of the facts as stated therein and are sufficient without more to establish the fact of foreclosure and the validity of the same, in the absence of evidence tending to show that the recitals are untrue.

2. *Estoppel; Pleading; Necessity.*—Where the bill does not allege that the purchaser at the foreclosure sale under the mortgage is estopped to invoke the defense of a purchaser at the foreclosure sale, if such estoppel should be established by the testimony it would be unavailing because not pleaded.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by C. C. Clark against D. Janes Johnson and others to enforce an equity of redemption. From a decree for respondents complainants appeal. Affirmed.

JAMES W. STROTHER, for appellant. No valid foreclosure is shown in this case.—*Wood v. Lake*, 62 Ala. 489; *Sanders v. Asknew*, 79 Ala. 493. Respondents cannot set up the foreclosure as a defense in this case.—*Tobias v. Josiah Morris & Co.* 126 Ala. 535; *Goetter-Weil & Co. v. Norman Bros*, 107 Ala. 585; *A. F. L. M. Co. v. Pollard*, 127 Ala. 227.

[Clark v. Johnson, et al.] ·

LACKEY & BRIDGES, for appellee. A sale of lands made in conformity to, and in execution of the power contained in a mortgage, cuts off the equity of redemption as effectually as a decree of foreclosure in a Chancery Court.—*Newbern's Heirs v. Bass*, 82 Ala. 622; *First National Bank v. Elliot*, 125 Ala. 646; *Mortgage Company v. Pollard*, 120 Ala. 1; *Woodruff v. Adair, et als*, 131 Ala. 530; *Durden v. Whetstone*, 92 Ala. 480; *Powers v. Andrews*, 84 Ala. 289. A mortgagor cannot complain that a sale of land by the mortgagee under the power contained in the mortgage is within the statute of frauds, and void, so long as the mortgage and the purchaser at the sale treat it as valid.—*Newbern's Heirs v. Bass*, 82 Ala. 622; *Shahun v. Tetherow*, 114 Ala. 404; *Gamble v. Caldwell*, 98 Ala. 577 A deed executed by the mortgagee to the purchaser at the foreclosure sale, is presumptive evidence of the facts therein recited, the recitals being *prima facie* correct.—*Naugher v. Sparks*, 110 Ala. 572.

TYSON, C. J.—This bill was exhibited to enforce what complainant conceives to be his equity of redemption. The manifest theory upon which it proceeds is that there has been no valid forecloseure of the mortgage executed by him upon the lands whose redemption is sought. The defense invoked is that the mortgage was regularly foreclosed, a purchase at the foreclosure sale, and deed of conveyance and possession and title thereunder. Whether there was a foreclosure at all, and, if so, whether the foreclosure was a valid one, is, in our opinion, the material and determinative question presented by the record.

That there was an attempted foreclosure of the mortgage under the power contained therein, and that the respondent Mathews became the purchaser at the sale, is practically admitted by the complainant in his testimo-

ny and is not denied by any other witness examined in the case. So, then, it may be said that the testimony established without conflict that there was a foreclosure of the mortgage, and that the respondent Mathews was a purchaser at that sale, as shown by the deed to him, which purports to be in execution of the power conferred by the mortgage. The power is in this language: "But if by that time (day of maturity of note) we fail to pay said note and costs, then we hereby authorize and empower the said D. Jane Webb [later Mrs. Johnson], or her agent or assignee, to immediately take possession of said property above described, and after giving 10 days's notice of the time and place and terms of sale, by posting written notices at the courthouse and two other public places in said county, to sell the same to the highest bidder for cash at the courthouse door of said county, and to execute titles to the purchaser," etc. The deed recites a compliance with this power, and was executed by Mrs. Johnson, the mortgagee, and the testimony sufficiently establishes that Mathews, the purchaser, went into possession of the lands described in and conveyed by it. Those recitals, without more, are prima facie evidence of the facts stated, and, in the absence of some evidence tending to show that they are untrue, must be held sufficient to establish, not only the fact of the foreclosure of the mortgage, but a valid one.—*Johnson v. Wood*, 125 Ala. 330, 28 South. 454; *Naugher v. Sparke*, 110 Ala. 572, 18 South. 45.

Much is said in argument with respect of Mathews having estopped himself to invoke the defense of purchaser at the foreclosure sale. No such ground of equity is asserted by the bill, and, even if established by the testimony, would be unvailing.—*Jones v. Peebles*, 130 Ala. 269, 30 South. 564.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.