**FENDLEY et al. v. SMITH.  (6 Div. 983.)**

Supreme Court of Alabama.  Jan. 12, 1928.

**1. Mortgages ⬤427(4)—First mortgagee held not necessary party to second mortgagee's foreclosure action; subject to prior incumbrances.**

In action by junior mortgagee to foreclose his mortgage, subject to lien of prior incumbrances, holder of first mortgage is not necessary party.

**2. Mortgages ⬤415(1), 417—Junior mortgagee may foreclose subject to lien of prior incumbrances, and prior mortgage is no defense.**

Junior mortgagee may foreclose his mortgage within its terms, subject to lien of prior incumbrances, where terms of second mortgage matured such debt before law day of first mortgage, and to foreclosure action mortgagor is estopped to set up defense of prior outstanding mortgage.

**3. Mortgages ⬤589—Sale under foreclosure of second mortgage, subject to lien of prior incumbrance, vests title in purchaser, subject to first mortgage lien.**

Sale on foreclosure of second mortgage, subject to lien of prior incumbrance, terms of second mortgage having matured such debt before law day of first mortgage, held to vest title in purchaser, subject to lien securing unmatured debt of first mortgage, and not to be effort to require foreclosure of first mortgage for payment of that debt and application of balance to second mortgage.

**4. Mortgages ⬤594(5)—Junior mortgagee may redeem from senior incumbrance, and enforce lien for reimbursement and satisfaction of his own demand.**

Junior mortgagee, though not permitted to enforce incumbrance of senior for payment, first of senior demand, and next that of his own, may redeem from senior incumbrance, and enforce his lien or that acquired for reimbursement and satisfaction of his own demand.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill to foreclose a mortgage by Almoth E. Smith against A. A. Fendley and others.

From a decree overruling a demurrer to the bill, respondents appeal.  Affirmed.

Nash & Fendley, of Oneonta, for appellants.

A junior incumbrancer will not be permitted to enforce the incumbrance of the senior for the payment first of the senior demand and next of his own; his remedy is to redeem the land from the senior incumbrance and then proceed to enforce his lien upon the land for his reimbursement for the satisfaction of his own demand.  Mimms v. Cobbs, 110 Ala. 577, 18 So. 309; Kelly v. Longshore, 78 Ala. 203; Ware v. Shoe Co., 92 Ala. 145, 9 So. 136; Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280; Threefoot v. Hillman, 130 Ala. 244, 30 So. 513, 89 Am. St. Rep. 39; Hamilton v. Cody, 206 Ala. 102, 89 So. 240.

Edgar Allen, of Birmingham, for appellee.

A junior mortgagee may foreclose his mortgage subject to the lien of prior mortgages and incumbrances, and respondents are estopped to set up the defense of superior outstanding mortgage.  Graham v. Partee, 139 Ala. 310, 35 So. 1016, 101 Am. St. Rep. 32.

THOMAS, J.  [1, 2] The bill is by a second mortgagee against the mortgagor to foreclose, without interference with the rights of the first mortgagee, and declares its subordination thereof.  The right of holder of the superior title is not questioned, and is not a necessary party.  The subject of proper and necessary parties was discussed in Hodge v. Joy, 207 Ala. 198, 92 So. 171; Whiteman v. Taber, 203 Ala. 496, 83 So. 595.  That is to say, the foreclosure of the second mortgage did not seek to disturb the rights of the first mortgagee, and recognized the same as being paramount to the lien of appellee mortgagee, and prays a foreclosure subject to said prior lien that is not yet due to the first mortgagee.

The terms of the second mortgage matured that debt before law day of the first mortgage, and gave the right of foreclosure upon default.  In Graham v. Partee, 139 Ala. 310, 314, 35 So. 1016, 101 Am. St. Rep. 32, it is declared that a junior mortgagee may foreclose his mortgage, within its terms, subject to the lien of the prior incumbrance and that to said action the mortgagor is estopped to set up the defense of a prior outstanding mortgage.  Wildman v. Means, 208 Ala. 487, 489, 94 So. 823.

[3] The sale, sought by the bill, would vest title in the purchaser subject to the lien, securing the unmatured debt of the first mortgagee, and was not an effort to require foreclosure of the first mortgage for the payment of that debt and application of any balance to the second mortgage.

The lack of the latter effort differentiates

this case from the authorities cited by appellant. In such cases it is declared that a junior incumbrancer will not be permitted in equity to "enforce the incumbrance of the senior, for the payment, first, of the senior demand, and next" that of his own.

[4] The remedy is to establish superiority and to redeem the land from the senior incumbrance or lien, and then enforce his lien or that acquired for reimbursement and satisfaction of his own demand. Hamilton v. Cody, 206 Ala. 102, 89 So. 240; Bingham v. Vandegrift, 93 Ala. 283, 9 So. 280; Ware v. Shoe Co., 92 Ala. 145, 150, 9 So. 136; Kelly v. Longshore, 78 Ala. 203; Threefoot Bros. & Co. v. Hillman, 130 Ala. 244, 30 So. 513, 89 Am. St. Rep. 39; Mims v. Cobbs, 110 Ala. 577, 18 So. 309; Jackson v. Farley, 212 Ala. 594, 103 So. 882; Fidelity Co. v. Richeson, 213 Ala. 461, 105 So. 193.

The judgment of the circuit court in equity is affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.