148 So. 399

## UNION BANK & TRUST CO. v. ROYALL.
### 3 Div. 51.

Supreme Court of Alabama.
May 11, 1933.

Rehearing Denied May 25, 1933.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

BROWN, Justice.

This is an action of assumpsit by the transferee and holder of a second mortgage against the prior mortgagee, who foreclosed the first mortgage under the power of sale therein and became the purchaser of the mortgaged property, to recover the balance of the purchase price, over and above the mortgage debt, the interest thereon, and the legal cost and charges incurred in the foreclosure.

The evidence is without dispute that the first mortgage was foreclosed in strict compliance with the power of sale; that the foreclosure was conducted by the attorney and agent of the mortgagee; that the mortgagee became the purchaser of the property at the foreclosure sale, and that the attorney of the mortgagee who conducted the sale executed to the purchaser a foreclosure deed, for and in the name of the mortgagors, in pursuance of the expressed power written into the face of the mortgage, and by the attorney as "The person making said sale," in which it was recited: " * * * At said sale Union Bank & Trust Company was the highest bidder for cash, at and for the sum of Forty-four Thousand Two Hundred Thirty-seven & 91/100 Dollars ($44,237.91), and said property was knocked down to said Union Bank & Trust Company. Now, therefore, in consideration of the premises and the said sum of Forty-four Thousand Two Hundred Thirty-seven & 91/100 Dollars to me cash in hand paid, the receipt of which is hereby acknowledged, I, Walton H. Hill, the person making said sale and acting strictly under the power of sale contained in said mortgage, do hereby, in the name of Frank Stollenwerck and Dixie O. Stollenwerck, and in my own name as aforesaid, grant, bargain, sell and convey to said Union Bank & Trust Company all the right, title, interest, claim and estate which the said Frank Stollenwerck and Dixie O. Stollenwerck have," etc.

The language of the power of attorney to execute the deed embodied in the mortgage is: "In the event of such sale, the said Union Bank & Trust Co., its successors, assigns, agents, and attorneys are hereby authorized and empowered to purchase the said property the same as if they were strangers to this conveyance, *and the auctioneer or person making the sale is hereby empowered and directed to make and execute a deed to the purchaser in our names.*" (Italics supplied.)

The provision in the mortgage for the disposition of the proceeds is: " * * * And out of the proceeds of said sale they shall first pay all expenses incident thereto, together with *a reasonable attorney's fee*, then retain enough to pay said note and interest thereon, *and the balance, if any*, pay over to Frank Stollenwerck." (Italics supplied.)

The items constituting the recited consideration in the foreclosure deed, were the principal debt, the interest, taxes paid, which by the terms of the mortgage were made a part of the debt, the interest thereon amounting in the aggregate to $40,191.64, cost of advertising $24.64, and attorney's fee $4,021.63, making a total of $44,237.91. The foreclosure deed was delivered and recorded.

The plaintiff offered evidence showing that a reasonable attorney's fee for the foreclosure was from $500 to $1,250.

The evidence also shows that on the mortgagors' request for an itemized statement of the amount necessary to redeem, the defendant included in said statement the item of $4,021.63, as attorney's fee for foreclosure.

The defendant offered the note evidencing the debt secured by the mortgage, stipulating for an attorney's fee of 10 per cent. of the principal and interest "in the event the same is not paid at maturity and is put in the hands of an attorney for collection."

The witness Hill testified: "That witness cried the property off at public auction by reading the notice that he had with him and called for bids on the property. That the Union Bank & Trust Company, acting by and through Mr. Keyton, bid on the property. That in bidding in the property Mr. Keyton said: 'I bid the actual amount of money due this bank, *together with interest and expenses.*' That Mr. Keyton did not say anything further in making his bid. That he and Mr. Keyton then looked for the memorandum which showed what that amount was but witness didn't have it in the file down on the Square at the time but it had been left on his desk in his office. That witness didn't have the memorandum showing the figures at the sale to show the amount due. That Mr. Keyton said in making the bid: 'I have already furnished the figures to Miss Burns' and witness told him that when he went back to his office he would insert the whole bill in the blanks in the foreclosure deed or figure up the amount due. That witness then called Mr. Keyton's attention to the fact that he had not included some other expenses, the advertising bill, which Mr. Keyton didn't know the amount of. That the figure placed in the foreclosure deed shown him was $44,237.91. That the amount was filled in after the foreclosure deed had been prepared. That witness had the deed with him thinking he had the figures along. That he carried the deed to Court Square but didn't have the amount and blanks were left in the deed for the amount. That Mr. Keyton in making the bid said: '*I bid the actual amount due this bank, plus the expenses.*' " That when witness returned to his desk and got the memorandum he added to Keyton's statement the advertising expenses of $24.64, and this changed the amount to $40,216.28, "and he thereupon added in accordance with the terms of the notes, *a ten per cent. attorney's fee.* * * * That Mr. Keyton did say he would bid the amount, the actual amount due on the mortgage, interest and expenses, and that is the only figure that was mentioned." (Italics supplied.)

The foreclosure sale was reported to the defendant by Mr. Hill, and in his report he stated, "10% Attorney's Fee to me $4021.63. Total [purchase price] $44,237.91."

As a part of the evidence, "it was agreed by and between the plaintiff and defendant, that in the event the verdict should be for the plaintiff, the proper amount of the verdict would be Thirty-five Hundred Sixty ($3560.00) Dollars."

The evidence further shows that no money actually passed in this transaction; that it was all on paper; and that the surplus, if any, has not been paid to any one by the defendant.

At the conclusion of the evidence the court gave the affirmative charge in writing for the plaintiff, and there was a verdict and judgment for the plaintiff in the sum of $3,560.

■ The defendant objected to the introduction of the foreclosure deed on the ground that the recitals in said deed were the recitals of the mortgagors and were not binding upon the mortgagee, and that it is irrelevant, immaterial, incompetent, and illegal. The objection was overruled, and this ruling is the predicate for the first assignment of error.

While in a technical legal sense the recitals in the foreclosure deed are the recitals of the mortgagors, they are in fact the recitals of the mortgagee, who, through its agent and attorney, conducted the foreclosure sale and joined in the execution of the deed. The mortgagee accepted the delivery of the deed and had it entered of record as a permanent memorial of the transaction between the parties, and the recitals are prima facie evidence of the facts recited as against the mortgagors and the mortgagee, and their privies. Naugher v. Sparks, 110 Ala. 572, 18 So. 45; Clark v. Johnson, 155 Ala. 648, 47 So. 82; Sanders v. Cassady & Blackwell, 86 Ala. 246, 5 So. 503; Ritter v. Moseley, ante, p. 648, 148 So. 143.

The objection to the admission of the deed in evidence was, therefore, without merit, and was overruled without error.

Appellant's major contention, to state it in the language of the brief, is, that "parol evidence to show the real consideration is not confined to proof of a mistake by inserting one figure when another was intended, *but extends to proof of the real intention of the parties as evidenced by their conduct and language.*" (Italics supplied.)

■ It is a well settled general rule that parol evidence is admissible to show the true consideration of like kind as expressed in the deed, that it is greater or less, but evidence going to show a consideration of a different kind is not admissible. Pique Manier & Hall v. Arendale, 71 Ala. 91; Gilliland v. Hawkins, 216 Ala. 97, 112 So. 454; McGehee v. Rump, 37 Ala. 651; 10 R. C. L. p. 1043, § 237; 22 C. J. p. 1161, § 1557; Maurice O'Connell v. Jasper Kelly, 114 Mass. 97.

■■ Without approving in all respects the rule as stated by appellant in brief, though it seems to be supported by O'Connell v. Kelly, supra, but accepting this statement of the rule as the yardstick by which appellant's rights are to be measured, we are clear to the conclusion that appellant clearly intended to

embrace in the bid all the expenses incident to the foreclosure, and that these expenses included an attorney's fee of 10 per cent. of the principal and interest, including the taxes paid and interest thereon, which it then regarded a legitimate charge, and supported by the provision in the note, and therefore the parol testimony offered on the trial is not in conflict with the recitals of the foreclosure deed. Nor is it an answer to the plaintiff's right to recover the balance, over and above a reasonable attorney's fee, that defendant did not in fact receive the amount or any part of the bid in cash. "A suit for money had and received is in the nature of an equitable action, and is maintainable whenever one person has money which ex æquo et bono belongs to another. 3 Brick. Dig. 51, §§ 10, 11, 13. And it is not always necessary that actual money shall have been received. If property or any thing else, be received as the equivalent of money by one who assumes to cancel or dispose of a property right, for which, by contract or liability, legal or equitable, it is his duty to account to another, the latter may treat the transaction as a receipt of money, and sue for it as such." A. Paul Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 509, 144 So. 7, 9.

The effect of the foreclosure of the defendant's mortgage was to cut off the equity of redemption in the property covered by the second mortgage, and plaintiff standing in the shoes of the mortgagor, as assignee, was entitled to recover, and the affirmative charge in her behalf was properly given. Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Perry v. Seals, 186 Ala. 514, 65 So. 151; Bean v. Pearce, 151 Ala. 165, 44 So. 83.

The verdict was for the amount as agreed between the parties, and the charges relating to the measure of damages, given at plaintiff's request, need not be considered.

We find no error in the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

## On Rehearing.

BROWN, Justice.

If what took place at court square where the sale was made, was all that occurred in respect to the foreclosure, there would be much force in the appellant's argument, but when what occurred there is coupled with the execution of the deed embracing as a part of its consideration, the attorney's fee of $4,-021.63, its acceptance by the defendant, and the fact that defendant included said fee in the itemized statement furnished to the mortgagor, along with the other items necessary to be paid on redemption, the conclusion cannot be escaped that defendant intended to bid the amount stated in the deed, and the contention now made is foreclosed by said statement.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.