157 So. 846

## PRUETT v. FIRST NAT. BANK OF ANNISTON.

### 7 Div. 254.

Supreme Court of Alabama.

Dec. 6, 1934.

442

Rutherford Lapsley and R. Clarence Williams, both of Anniston, and E. O. McCord, of Gadsden, for appellant.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

THOMAS, Justice.

This suit is by a personal representative to recover on the common count money had and received by way of purchase money bid on foreclosure by the mortgagee as the purchaser under the power.

The foreclosure was by means of a deed from the mortgagor to the mortgagee, reciting the purchase price, and it is contended that the mortgage indebtedness was a less sum than the recited consideration and the suit is for the asserted excess.

The complaint and amended plea 3 constituted the pleading on which the trial was had. The trial court overruled demurrers to the plea as amended. There was a verdict and judgment for defendant pursuant to the general affirmative charge given in writing at the request of the defendant.

It has been held that in a proper case a mortgagor or his personal representative may recover, as a chose in action, the excess of a sum bid at foreclosure by the mortgagee and to which the mortgagee is not entitled in satisfaction of the mortgage indebtedness. Perry v. Seals, 186 Ala. 514, 65 So. 151; Costephens et al. v. Dean et al., 69 Ala. 385; Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Brown v. Copeland, 206 Ala. 124, 89 So. 274; Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399.

It is further established that where the parties effectuate a foreclosure by agreement, consummated by a conveyance, in lieu of a sale under the power, *the title so acquired relates back to the execution of the mortgage, and such a foreclosure has, and will be given, the effectiveness of a foreclosure in equity.* And the authorities are collected in Copeland v. Warren, 214 Ala. 150, 153, 107 So. 94.

In Union Bank & Trust Co. v. Royall, supra, the decision concludes with the observation of an effective foreclosure, that it cut off the equity of redemption in the property covered by the second mortgage, and plaintiff, standing in the shoes of the mortgagor, *as assignee, was entitled to recover* in assumpsit, excess of the bid over the amount due on the mortgage; *notwithstanding the fact that no money actually passed* by reason of response to bid made at the foreclosure sale.

It is further declared that the recitals in foreclosure deeds are primarily the recitals of the mortgagor, yet in a sense are the "recitals of the mortgagee," who conducts the foreclosure, conveyance and accepts the benefits of same; and that such recitals are *prima facie evidence* of the facts recited as against the parties and their privies.

In that case the foreclosure was under the power of sale; here it was by the solemn or contract agreement of the parties as exhibited by the pleading.

The defendant mortgagee seeks to avoid a statement of fact contained in the foreclosure

deed, that the $8,257.28 was "indebtedness evidenced by a mortgage," when, in fact, it was a less sum indicated by three notes to the bank, by the averment in its amended plea, that in the preparation of the deed given in the contract foreclosure, the consideration was incorrectly stated in amount. It is recited in the amended plea that the deed erroneously states that said sum is in payment of the mortgage indebtedness, whereas it was understood between the parties that it was in settlement and satisfaction of all the indebtedness then existing between the parties; and that the stated amount was that agreed upon as such indebtedness, and for which the property was taken by and conveyed to defendant by reason of such agreement of the immediate parties, there being no excess sum recoverable. It is further averred in that plea, "that the amount of indebtedness owing by plaintiff's intestate to it was calculated as of May 9th, 1932, but that the transaction between the parties, as evidenced by the deed referred to above, was not actually consummated until the second day of August, 1932, at which time the actual indebtedness owing by plaintiff's intestate to the defendant was $8,384.24; that in addition to the cancellation of said indebtedness above referred to as a consideration for the deed, the defendant also paid to plaintiff's intestate $300.00 in cash, and entered into a written agreement by the terms of which plaintiff's intestate was allowed to occupy the premises described in the mortgage and in the deed, free of rent, for the months of August, September and October, 1932. Hence, defendant says that it did not on the 2nd day of August receive any money for the use and benefit of the plaintiff's intestate, as averred in said complaint, and that it is not indebted to plaintiff in any sum."

The pertinent recitals in the conveyance from Mr. and Mrs. Pruett of date of August 2, 1932, are:

"That whereas, the parties of the first part are indebted to the party of the second part as of May 9, 1932, in the sum of Eight Thousand, Two Hundred Fifty-Seven and 28/100 ($8,257.28) Dollars, said indebtedness being evidenced by a mortgage executed by the parties of the first part to the party of the second part on the 3rd of April 1930, said mortgage recorded in Book 318 Register of Mortgages, on page 241 in the Probate Office of Calhoun County, Alabama;

"And whereas, said mortgage is in default *and all the indebtedness above recited is now due and payable and the parties of the first part are unable to pay the same;*

"Now, therefore, in consideration of the premises *and the further consideration of the indebtedness above recited* and in further consideration of One Dollar cash in hand paid, the receipt of which is hereby acknowledged, the parties of the first part have granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey unto the party of the second part the following described property, to-wit." (Italics supplied.)

And the instrument of like date executed by the mortgagee to the mortgagor and wife as a part of the same transaction contained, among other things, statements of fact and consideration of the conveyance, as follows:

"Whereas, L. W. Pruett and his wife, Eva D. Pruett, have this day deeded to the First National Bank, Anniston, Alabama, their home in the City of Anniston, Calhoun County, Alabama, described as follows, to-wit: (describing the property); and part of the consideration is that the said L. W. Pruett is to be allowed to live in said house during the months of August, September and October, 1932, without rent.

"Now, therefore, it is hereby agreed that said L. W. Pruett is to have the use of said house and premises until the end of the month of October, 1932, and at the end of which he is to turn the same over to the said First National Bank of Anniston, Alabama, in like condition it is now in, with the usual wear and tear excepted."

▮ The letter offered in evidence by defendant was that of plaintiff's attorney, to the effect, that he was of opinion that Mrs. Pruett could "not defeat the mortgage upon the home"; that "it would be better for you (her) to accept the proposition made by the bank"; that he had "urged them today to make a better one, but they say they will not do so and will not leave this one open any longer than next Tuesday"; that "if it is not closed up next Tuesday they will withdraw the proposition and foreclose the mortgage"; that it was his "firm conviction" that she had better accept the bank's offer at once. The plaintiff's testimony was to the effect that she had left with her by an attorney the satisfied mortgage and notes indorsed satisfied, a copy of the papers above indicated, and received "a check payable to Mr. Pruett for $300.00" from the bank; that she remained "in the house from August 2nd up to the time of Mr. Pruett's death (December 17, 1932) and paid no rent during that period"; that there was also an agreement for redemption within the statutory period, etc., admitted as a fact by

both counsel in briefs. The consideration stated in the deed is only prima facie, and the true consideration may be found from the acts, words, and writing of the parties. Wilkerson v. Tillman, 66 Ala. 532; Gilliland et al. v. Hawkins, 216 Ala. 97, 101, 112 So. 454; Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399; 10 R. C. L. 1042; 22 C. J. 1157; 68 A. L. R. 246, note.

██ In the instant case there is no evidence from which the jury may conclude that Mr. Pruett—plaintiff's intestate—did not know and understand the true consideration for the deed when it was executed and delivered. The suit being in a representative capacity, her status and right is that of her intestate. The evidence is without dispute that Mr. Pruett employed the attorney in question and the author of the letter to which we have adverted, and who was fully informed as to the true consideration as set out in the amended plea 3; that the conveyance was examined, and understood by his attorney, was executed by the parties under the circumstances free from influence of the bank; and that the true consideration we have indicated was delivered to plaintiff's intestate and under the rule.

We find no reversible error in giving general affirmative instruction as requested in writing by the defendant. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.