251 So.2d 235

**ATLAS SUBSIDIARIES OF MISSIS-
SIPPI, INCORPORATED**

v.

**Marie NIXON.**

**6 Div. 99.**

Court of Civil Appeals of Alabama.

Aug. 4, 1971.

R. A. Norred, Birmingham, for appellant.

Lorant, Bouloukos & Kopelousos, Birmingham, for appellee.

WRIGHT, Judge.

Suit was begun in the Circuit Court of Jefferson County, Alabama, by plaintiff, Atlas Subsidiaries of Mississippi, Inc., a Corporation, against defendant Marie Nixon, a single woman. The suit was founded upon an installment note executed by defendant on April 6, 1965. The sworn complaint was lengthy and contained allegations that defendant for valuable consideration executed the note in the amount of $2,537.10, together with a mortgage as security upon certain described real estate, to

Southern Improvement Company, Incorporated. That on the same date the payee and mortgagee assigned the note and mortgage to Atlas Financial Corporation, predecessor to plaintiff, Atlas Subsidiaries of Mississippi, Inc. On November 5, 1966, the sum of $2247.50 was due and unpaid on the note and the note was declared in default. That on said date, plaintiff being then the holder and sole owner of the note, began foreclosure under the power of sale contained in the mortgage.

Foreclosure sale was had on February 22, 1967, and plaintiff was highest bidder at a bid of $7744.66.

It was further averred in the complaint that after deducting costs of sale the remainder of the sale price was exactly the balance unpaid on a first mortgage, leaving no remainder to credit on the note. That the security was exhausted and the note was still due and unpaid, thus the suit was brought.

Attached to the complaint as Exhibits "A" and "B", respectively, were the note and mortgage with their assignments. We observe here that the assignment of the note was to Atlas Credit Corporation, and the assignment on the mortgage was of both it and the note described therein. Both assignments were by the payee and mortgagee, Southern Improvement Company, Incorporated.

To the complaint, defendant filed various pleas, all of which were disposed of by withdrawal prior to selection of a jury and beginning trial, except plea 5. Plea 5 came in by amendment and is termed a plea in recoupment. It is couched in terms of a common count on account, and claims of plaintiff the sum of $5497.16, due from Atlas Subsidiaries of Mississippi, Inc., by account from the 24th of February 1967, with interest thereon. Demurrer to plea 5 was overruled.

After trial began plaintiff introduced into evidence the original note and mortgage, with the attached assignments to Atlas Credit Corporation and Atlas Financial Corporation. Plaintiff's counsel then stated to the court that since it appeared on neither exhibit that assignment had been made to plaintiff, and since neither of the corporations to which assignment had been made were parties, plaintiff was casting a nonsuit.

Upon entry of voluntary nonsuit by plaintiff, defendant elected to proceed in recoupment. Thus the burden to go forward was upon defendant-plaintiff in recoupment.

Defendant introduced into evidence plaintiff's complaint, together with attached copies of the note and mortgage as hereinbefore described. There was then introduced the foreclosure deed wherein Atlas Financial Corporation was seller and Atlas Subsidiaries of Mississippi, Inc. was purchaser. The deed was signed by the auctioneer on behalf of Atlas Financial Corporation, with Atlas Subsidiaries of Mississippi as purchaser and grantee. Both of the above exhibits were admitted over the objection of plaintiff.

Defendant was called as a witness and testified concerning the events surrounding the note and mortgage. There was introduced in evidence a letter to defendant from Atlas Financial Corporation dated May 12, 1965, notifying her of the purchase of the note and mortgage, the amount and date of payments and to whom to send them. Another letter dated September 20, 1965, was introduced. This letter complained of failure to make payments and contained the amount past due. It was signed on behalf of Atlas Credit Corporation, was on the same stationery as the first letter signed on behalf of Atlas Financial Corporation with the same return address in Philadelphia, Pennsylvania. Plaintiff also operated from the same address.

During cross examination of defendant there was sought to be introduced in evidence a copy of a mortgage from defendant to City Federal Savings & Loan Company executed by defendant in 1961. This was admittedly a first mortgage and

a first lien on defendant's property at the time of the execution of the note and mortgage, the subject of the suit and counter suit. Objection to its introduction by plaintiff was sustained by the court. There was testimony that this first mortgage was still being paid. There was no evidence that it was in default, either at the time of foreclosure of the second mortgage or at time of suit.

Upon submission to the jury, verdict and judgment was rendered in favor of defendant on her plea of recoupment in the amount of $6,807.28 and cost. After denial of motion for new trial, appeal was taken by plaintiff below, Atlas Subsidiaries of Mississippi, Inc., hereinafter referred to as appellant.

■ Appellant has first assigned as error the overruling of its demurrer to appellee's plea 5 on the specific ground that the provisions of Title 7, Section 356, Code of Alabama 1940, precludes pleading of set-off or recoupment by appellee in this case. Title 7, Section 356 is as follows:

"Paper governed by the commercial law, negotiated before maturity, is not subject to set-off or recoupment."

The complaint of plaintiff-appellant contained statements that appellant as successor of Atlas Financial Corporation, and being then the holder and owner of the note and mortgage executed by appellee proceeded to foreclose the same at public sale. If the allegations of the complaint are accepted as true, appellant, though a holder in due course and endorsee of the note and mortgage, was in fact the mortgagee by assignment and corporate succession and exercised the right of foreclosure. It was thus the recipient of the sum bid at the foreclosure sale. When property is sold at a foreclosure sale, conducted under the power of sale contained in a mortgage, at an amount greater than the indebtedness secured by said mortgage, the mortgagee is liable to the mortgagor for such surplus. Bartlett v. Jenkins, 213 Ala. 510, 105 So. 654. Thus, under the allegations of its own complaint, appellant opened the door for a cause of action against it by appellee-mortgagor for any surplus brought at the foreclosure sale.

It was stated in the case of Industrial Savings Bank v. Greenwald, 229 Ala. 529, 158 So. 734 as follows:

"* * * (Section 10178)* was intended to protect holders of commercial paper, negotiated before maturity, from the defense of set-off which the original maker had against the original payee. It was never intended by this provision of the Negotiable Instruments Law, that the maker, when sued by a holder in due course, could not set off against such holder a debt or demand due and owing by such holder to the maker * * *" (*Now Section 356.)

We think the rule should apply equally to the instant case in recoupment when the claim arises out of a transaction alleged to have been initiated by the plaintiff. Whether the acts giving rise to a right of action in recoupment were in fact the acts of plaintiff was a matter for the jury's determination. The plaintiff's pleadings stated so, and as against demurrer to the plea, such was sufficient. The demurrer of plaintiff, on the ground argued on this appeal was properly overruled.

■ Assignment of error 2 complains of the court's refusal to give the general affirmative charge as to appellee's plea of recoupment. The premise of the requested charge is stated to be that since the written assignments of the note and mortgage were to corporations other than appellant, this fact being shown by appellant's exhibits, it was shown that appellant was not the owner of the note and mortgage at the time of foreclosure. The appellant contends that the existence of this factual situation required it to cast its nonsuit. Thus, since appellant was not the mortgagee at time of foreclosure, it could not be the holder of the surplus resulting from the foreclosure sale and appellee had no right of action in recoupment. If such

was, in fact, the true situation, appellant would be correct in its contention and appellee would be unable to prevail in recoupment.

Appellee undertook at trial to prove that appellant was in fact the holder and owner of the note and mortgage at the time of foreclosure and was the mortgagee and did foreclose. The proof of this fact submitted to the jury was plaintiff's own sworn complaint originally filed. The complaint was allowed in evidence over the objection of appellant's counsel. However, its admission into evidence, though objected to, is not assigned as error here and is not available for our consideration as to whether it was properly admissible. Thus, we must consider it properly before the jury as substantive evidence of its contents. Mc-Glaughn v. Pearman, 245 Ala. 524, 18 So.2d 80; Gurganus v. Kiker, 286 Ala. 442, 241 So.2d 113.

We have previously stated that the complaint alleges appellant was the holder and owner of the note and mortgage as the successor corporation of the written assignee, Atlas Financial Corporation, and as such foreclosed the mortgage. With such evidence before the jury the court properly refused the request of appellant for the general affirmative charge.

The trial court in an excellent oral charge stated that under the state of evidence, it was for the jury to determine from the evidence if Atlas Subsidiaries of Mississippi, Inc. was the holder of the mortgage in its own name, or whether it was, in fact, the same company or the successor company of the company which did own the mortgage at the time of the foreclosure. Appellant made no objection to this oral charge.

We think there was sufficient evidence before the jury for it to be reasonably inferred that the legal fiction of corporate entities was being abused by the various corporations involved in the transactions with appellee. It was stated in Forest Hill Corp. v. Latter & Blum, 249 Ala. 23, 29 So. 2d 298 as follows:

"* * * The notion of separate corporate existence will not be recognized where a corporation is so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another, and in such circumstances the fiction may not be prosecuted to permit the corporation to evade its just responsibilities. The fiction was introduced into the law for certain well-known purposes, but it was not invented to promote injustice or justify wrongs and when so used it should be disregarded * * *."

We do not say the fiction of corporate entity was abused here, but we do think there was evidence from which such inference could be reasonably drawn.

Our decision as to assignment of error 2 also disposes of assignment of error 3 which is directed to the trial court's refusal of the affirmative charge with hypothesis.

Assignment of error 4 charges error in the admission in evidence, over objection, of the foreclosure deed. We assume the purpose of the offering of this deed was for at least two purposes. One is that it contained a statement that Atlas Subsidiaries of Mississippi, Inc. is a wholly owned subsidiary of Atlas Financial Corporation. Two, that the amount bid at the sale was $7744.66, which amount was considerably greater than the amount due on the note and mortgage, and thus tended to prove the fact of a surplus. We think it very clearly admissible for the second purpose. Without deciding the propriety of its admission for the first, we consider if it was error it was without injury, for it tended to contradict the statement in the complaint previously introduced as to the relationships of appellant and Atlas Financial Corporation. The former stated that appellant was the successor corporation of Atlas Financial Corporation. The latter stated appellant was a wholly owned subsidiary of Atlas Financial Corporation. Rule 45, Supreme Court Rules.

Assignment of error 5 asserts error in the refusal to admit into evidence the first mortgage between appellee as mortgagor and City Federal Savings and Loan Company as mortgagee. Objection of relevancy was sustained by the court. We agree with the ruling of the trial judge. We find no support for appellant's contention that a first mortgagee has any right to a surplus upon foreclosure of a second mortgage, particularly in the absence of default of the first mortgage. The foreclosure of a second mortgage is subject to the lien of the first and in no way affects its security. The first mortgagee is not a necessary party to the foreclosure of a second mortgage in equity where priority is not in question. Fendley v. Smith, 217 Ala. 166, 115 So. 103.

It would appear from the amount bid at the foreclosure of the second mortgage in this case that an attempt was being made by the second mortgagee to enforce the encumbrance of the first which was not in default. Such could not be done. Fendley v. Smith, supra.

The cases cited by appellant do not support its contention. Though appellee by her execution of a second mortgage conveyed her equity of redemption as to the first mortgage, she still retained such an interest as to the second, so that as mortgagor she was entitled to sue for any surplus after foreclosure. Bean v. Pearce, 151 Ala. 165, 44 So. 83; Perry v. Seals, 186 Ala. 514, 65 So. 151; Pruett v. First Nat. Bank, 229 Ala. 441, 157 So. 846. What position appellee now holds in relation to the first mortgage since the foreclosure of the second and the presumed loss of her equity of redemption is an interesting one, though not involved here.

Assignment of error 6 asserts error in the overruling of objection to a portion of argument to the jury by counsel for appellee. We do not set out the argument complained of. We think the court in its oral charge adequately charged the jury as to its consideration of argument and statement of counsel. We further consider that the complained of remarks of counsel were merely comments upon the state of the evidence. It is the rule that much discretion must be allowed the trial court in such matters. In the absence of clear abuse of such discretion the appellate court will presume the ruling of the trial court to be correct. Gilmer v. Salter, 285 Ala. 671, 235 So.2d 813.

Finding no error we affirm the judgment below.

Affirmed.