Truman C. Hallmark and his wife, Norma J. Hallmark, obtained a loan from Muscle Shoals National Bank (Muscle Shoals) on July 22, 1975. As security for the loan, they executed a promissory note and a second mortgage to Muscle Shoals on a parcel of real property situated in Colbert County, and in addition, Muscle Shoals took a security interest in fixtures and equipment owned by Truman C. and Norma J. Hallmark d/b/a Captain Hook's restaurant. As further security for the loan, Muscle Shoals required the execution of guaranty agreements by appellees Thompson, Tillman, and Martin.
In the fall of 1975, it was discovered that First Colbert National Bank (First Colbert) had also taken a security interest in fixtures and equipment being used in the operation of Captain Hook's restaurant. After discussion among the parties involved, Muscle Shoals released its security interest in the restaurant equipment and fixtures in favor of First Colbert.
Muscle Shoals purchased the first mortgage on the real property from Sheffield Federal Savings and Loan Association. In 1977, Truman C. Hallmark filed for bankruptcy, and both the promissory note secured by the first mortgage and the one secured by the second mortgage were discharged. Shortly thereafter, Muscle Shoals conducted a mortgage foreclosure sale on the real property on June 23, 1977. At the foreclosure sale, Muscle Shoals bid in the sum of $56,550.79 (amount of the loan plus interest, attorney's fees, and expenses of the sale). There were no other bidders, so a mortgage foreclosure deed was executed to Muscle Shoals and recorded June 29, 1977.
On November 15, 1978, Muscle Shoals conveyed the property to purchasers, Bobby and Mary Frances Clardy, for the sum of $51,000.00. On December 14, 1978, it filed suit against Norma J. Hallmark and against the guarantors, Roy D. Thompson, Mrs. Oscar H. Tillman, and Robbie Martin, for the deficiency. Defendants failed to answer, and a default was entered against them on February 13, 1979. On February 15, 1979, a judgment was entered in appellant's favor in the amount of $12,744.27. The original defendants filed a Motion for Relief from Judgment on April 27, 1979. After a hearing on this motion, the trial court denied relief to the appellees. The appellees then filed a Motion for a New Trial, or in the Alternative, to Alter or Vacate a Judgment. On June 13, 1980, the trial court entered an order vacating its previous order and entered a judgment in favor of appellees based on the fact that foreclosure had occurred. Hence, this appeal. *Page 298 
Appellants urge us to adopt a rule of law that would allow a mortgage holder who, at a foreclosure sale, bids in the property for the full amount of the debt, including expenses and attorney's fees, thus relieving the maker from any further obligation, to enforce a guaranty agreement against the guarantors of the note when the property is later sold for less than the amount of the debt. We decline to adopt such a rule; thus the trial court is due to be affirmed.
It is well settled in Alabama that proceeds from the sale of mortgaged property must be applied to the debt secured by the property. See, Pearce v. Mills, 190 Ala. 616, 67 So. 581
(1941); Strickland v. Hardie, 82 Ala. 412, 3 So. 40 (1887);Johnson v. Thomas, 77 Ala. 367 (1885). Therefore, once the mortgaged property was sold upon foreclosure, Muscle Shoals was bound to apply the proceeds to the debt. Had the sale yielded an amount in excess of the debt, the Hallmarks would have been entitled to such excess amount. Continental Casualty Co. v.Brawner, 227 Ala. 98, 148 So. 809 (1933); Hayes v. Woods,72 Ala. 92 (1882). The result is unchanged by the fact that the purchaser was the mortgagee. See, Pruett v. First National Bankof Anniston, 229 Ala. 441, 157 So. 846 (1934). Furthermore, payment or satisfaction of the debt discharged the guarantors.Shur-Grain Feed Division William Davies Co. v. HuntsvilleProduction Credit Association, 372 So.2d 1317 (Ala.Civ.App. 1979). Therefore, foreclosure operated to release both the principal debtors and the guarantors.
Appellants argue also that the trial court erred in granting the appellees' Motion for Relief from Judgment. This argument however, is based on the assumption that appellees did not have a meritorious defense to the complaint. Since we find the appellees' argument has merit, the contention of the appellants must fail.
Because of the foregoing, the trial court is due to be affirmed.
AFFIRMED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.