ALLSTATE INSURANCE COMPANY, Plaintiff-Counterclaim Defendant-Appellee,

v.

Norman J. JAMES and Vera M. James, Defendants-Counterclaim Plaintiffs-Appellees,

Felipe M. REYES, Sr., and Shirley P. Reyes, Defendants-Counterclaim Plaintiffs-Appellants,

v.

FIRST SMALL BUSINESS INVESTMENT COMPANY OF ALABAMA, Defendant-Intervenor.

No. 84–7701.

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 1986.

Jim H. Fernandez, Mobile, Ala., for Reyes.

John D. Richardson, Mobile, Ala., for Allstate Ins. Co.

Mark E. Spear, Brown, Hudgens & Richardson, P.C., Mobile, Ala., for James.

Before RONEY and HILL, Circuit Judges, and PITTMAN\*, District Judge.

PITTMAN, District Judge:

Mr. and Mrs. Reyes (mortgagees) appeal the dismissal of their foreclosure claims, and the order requiring Allstate Insurance Company (Allstate) to pay to mortgagees the debt principal, without interest since default or attorney's fees, in exchange for the assignment of the mortgagees' note and mortgage. We conclude the district court erred in dismissing the foreclosure claims asserted by the Reyes' cross-claim against defendants James.

*Facts and Proceedings*

The mortgagees conveyed the property involved in this appeal to Mr. and Mrs. James (mortgagors) in exchange for a promissory note secured by a mortgage on the property. The note required the mortgagors to pay "all costs of collection, including a reasonable attorneys fee" on default. The mortgagors were required to insure the subject property for fire by a policy which "shall provide that loss, if any, shall be payable to [the mortgagees] as ... [their] interest may appear...."

The mortgagors purchased a policy with a liability limit for dwelling and personal property protection of $113,900.00. The policy contained the required loss-payee clause, which provided for the mortgagees to receive the insurance proceeds to "the extent of their interest." The property was totally destroyed by fire in April, 1983. The mortgagors submitted a written claim to Allstate for $113,900.00 and Allstate began to investigate the claim, believing the fire to be of incendiary origin.

The mortgagors defaulted on the note in June, 1983. The note was accelerated so that the secured debt owed was $17,966.08. The mortgagees hired an attorney to initiate collection and made a claim to the insurance company for the proceeds due for the secured debt amount, plus attorney's fees and post-default interest. Allstate refused to pay the attorney's fees and interest.

In July, 1983, Allstate paid into court its total liability on the fire insurance policy, $113,900.00, and filed a declaratory judgment action against the mortgagors. In September, 1983, the mortgagees were added as party defendants. While motions for summary judgment were pending, the mortgagees amended their answer to include counter and cross-claims requesting that their foreclosure rights be established. The district court granted the mortgagees' summary judgment motion to the extent that they sought judgment for the principal debt, but denied it as to attorney's fees. Interest was awarded from the date the funds were paid into court, but denied from the date of default until submission into court. The court required the mortgagees to assign their rights under the note and mortgage to Allstate. This appeal followed.

*Discussion*

This action is in federal court because of the diversity of citizenship between Allstate, organized under the laws of, and with its principal place of business in the State of Illinois, and both defendants, who are citizens of Alabama.

There is a question of whether or not the federal court has jurisdiction to entertain the cross-claim, which seeks foreclosure between two Alabama citizens, in this declaratory judgment action by Allstate.

It is the duty of the court to examine the question of subject matter jurisdiction whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction. Fed.R.Civ.P. 12(h)(3). The mortgagees, defendants-counterclaimants, filed a claim against their co-defendants, the mortgagors. Both the mortgagees and the mortgagors are citizens of Alabama.

---

\* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

The mortgagees' claim against the mortgagors is within the court's ancillary jurisdiction if it is truly a cross-claim. *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 715 (5th Cir.1970). The mere filing of a claim denominated as a cross-claim does not settle the issue whether the claim is actually ancillary. *Amco Constr. Co. v. Mississippi State Building Comm'n*, 602 F.2d 730, 732 (5th Cir.1979). An action which satisfies the "transaction or occurrence" test of Rule 13(g) must, by necessity, be closely related to the original claim, and would, therefore fall within the court's ancillary jurisdiction. *Id.* Under the doctrine of ancillary jurisdiction, a federal court, otherwise a court of limited jurisdiction, is empowered to adjudicate claims involving state law without an independent jurisdictional basis. *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir.1983). This type of jurisdiction is required if the federal court is to make effective disposition of the cases properly before it. *See generally*, C. Wright, *Law of Federal Courts*, § 9 (4th ed. 1983).

Any recovery had by the mortgagees against the mortgagors would necessarily reduce the mortgagees' recovery against Allstate. If the foreclosure and sale of the property brought the full amount of the debt, the note and mortgage would be extinguished, *see, e.g., Muscle Shoals Nat'l Bank v. Hallmark*, 399 So.2d 297 (Ala.1981), and Allstate would not be liable to the mortgagees under the loss payable clause of the policy. *Gordon's Transport Federal Credit Union v. Alabama Farm Bureau Mutual Casualty Ins. Co.*, 278 Ala. 338, 178 So.2d 164 (1965). If the sale does not bring the full amount due to the mortgagees, the liability of Allstate to the mortgagees would be reduced. *See Aetna Ins. Co. v. Baldwin County Savings & Loan Ass'n*, 231 Ala. 102, 163 So. 604 (1935).

This court has held that ancillary jurisdiction is appropriate "when there is a tight nexus with a subject matter properly in federal court." *Eagerton*, 698 F.2d at 1119. Here the original claim, Allstate's declaratory action against the mortgagors and the mortgagees, and the counterclaim, the mortgagees' action against Allstate, are properly before the federal court. There is complete diversity between the plaintiff and the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). The matter in controversy exceeds $10,000.00. 28 U.S.C. 1332(a). Resolution of the cross-claim affects the original action and the counterclaim. These claims are inexorably intertwined and are the type which should be tried together. Applying the principles discussed above, it would appear that the mortgagees' claim against the mortgagors would meet both Rule 13(g)'s definition of cross-claim and the doctrine of ancillary jurisdiction. A tighter nexus is not required.

### Mortgagees' Options Where Default Follows Loss

When addressing the rights of a mortgagee vis-a-vis the insurer where the secured property is damaged or destroyed by fire before the mortgagor defaults, the Alabama Supreme Court has stated:

> Where ... the loss precedes the [default] ... the mortgagee has an election as to how he may satisfy the mortgage indebtedness.... He may look to the insurance company for payment as mortgagee under the [loss payable] clause and may recover, up to the limits of the policy, the full amount of the mortgage debt at the time of the loss. In this event he would have no additional recourse against the mortgagor for the reason that his debt has been fully satisfied.
>
> The second alternative available to the mortgagee is satisfaction of the mortgage debt by foreclosure. If the mortgagee elects to pursue this latter option, and the foreclosure sale does not bring the full amount of the mortgage debt at the time of the loss, he may recover the

balance due under the insurance policy as owner. If the foreclosure does fully satisfy the mortgage debt, he, of course, has no additional recourse against the insurance company, as his debt has been fully satisfied. *Aetna Ins. Co. v. Baldwin Co. Building & Loan Association,* 231 Ala. 102, 163 So. 604 (1935).

*Nationwide Mutual Fire Ins. Co. v. Wilborn,* 291 Ala. 193, 198, 279 So.2d 460, 463–64 (1973).

The mortgagee may seek to recover the entire debt from the mortgagor by foreclosure and sale. The proceeds from the sale must be applied to the mortgage debt. *Muscle Shoals Nat'l Bank v. Hallmark,* 399 So.2d 297 (Ala.1981). That debt would include unpaid principal, accrued interest, the costs of sale, and attorney's fees. If there is a surplus after application of the sale proceeds to the debt, the mortgagor would be entitled to such surplus. *Atlas Subsidiaries of Miss., Inc. v. Nixon,* 47 Ala.App. 103, 251 So.2d 235 (Ala.Civ.App. 1971). If a deficiency remains after application of the sale proceeds, the mortgagee is entitled to seek to recover any deficiency from the mortgagor, based upon his person liability under the note.

In either event, the amount of the debt for which Allstate is liable is fixed on the date of the fire, *Aetna Ins. Co. v. Koonce,* 233 Ala. 265, 171 So. 269 (1936), plus certain state-imposed interest. Ala.Code § 8–8–1 (1975); *Burgess Mining & Constr. Co. v. Lees,* 440 So.2d 321 (Ala.1983). The mortgagee is free to forego his action against the mortgagor and look directly to the insurer for payment of the mortgage debt. *Baldwin County,* 231 Ala. at 103, 163 So. at 605. This is the route forced upon the mortgagees by the action of the district court when it dismissed the cross-claim against the mortgagors.

▪ Pursuant to this route there can be no recovery for attorney's fees, for that was not provided for by the policy. Neither may the mortgagees recover attorney's fees under equitable principles. They were not forced into court to collect from the insurance company. On the contrary, the mortgagees forced Allstate into court by demanding attorney's fees and post-default interest. The mortgagees' collection claim against Allstate would not be based on the note and mortgage, which allows recovery for costs of collection, but is, instead, based upon the policy, which has no such provision.

The insurer should not complain if the mortgagees pursue first the foreclosure, then proceed against the insurance policy. The amount recoverable by the mortgagees from the insurer is limited to the amount of the secured debt, fixed at the time of loss, less the proceeds from the foreclosure sale, plus statutory interest from the time of loss until the money was deposited with the court.

Allowing the mortgagees to proceed in this fashion would not prejudice the insurer. It would reduce the amount the insurer owes under the policy. No double recovery would be permitted, i.e., the mortgagees would not be permitted to pocket the proceeds from the foreclosure sale and then recover the full amount of secured debt owing at the time of loss from the insurer. If the foreclosure sale brings less than the secured debt at the time of the fire and the mortgagees collect any deficiency from the insurer, they would be required under the terms of the insurance policy to assign all rights under the note and mortgage, if any, to Allstate.

If the mortgagees choose to pursue their collection from the insurance only and forego the foreclosure and sale route, they will be required to make an assignment of their rights under the note and mortgage to the insurer as ordered by the district court.

*Election of Remedies*

▪ Litigants in federal court may pursue alternative theories of recovery, regardless of their consistency. Fed.R.Civ.P. 8(e)(2); *Brookhaven Landscape v. J. F.*

*Barton Contracting,* 676 F.2d 516, 523 (11th Cir.1982). A party may plead alternative and inconsistent facts and remedies against several parties without being barred by the election of remedies doctrine. The pleading will not amount to an election unless a choice is made with the full and clear understanding of the problem, facts and remedies essential to the exercise of an intelligent choice. *Guy James Constr. Co. v. Trinity Industries, Inc.,* 644 F.2d 525 (5th Cir. May 8, 1981) (Unit A). *See generally,* C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1482 (1969 & Supp.1985).

Here it is obvious that the mortgagees made no intelligent choice between alternatives. On the contrary, they sought to assert, in one action, two of the remedies given to them by the substantive law of Alabama, in the manner allowed by the federal rules of procedure. By dismissing the cross-claim (which sought foreclosure) the court elected for the mortgagees. The election is for the party to make. *See Baldwin County,* 231 Ala. at 103, 163 So. at 605. It is axiomatic that he will be permitted but one recovery of the secured debt. But the decision of which vehicle he chooses to pursue that recovery is for the party, not the court.

### Conclusion

REVERSE and REMAND. The district court should allow the mortgagees to pursue their cross-claim and foreclose if they so choose. Recovery against Allstate is limited to the amount of the debt at the time of the fire, plus interest pursuant to Code of Alabama § 8-8-1 (1975) from the date of the fire to the date Allstate paid into court the money representing the secured debt, plus interest which accrued while on deposit with the court.

If the mortgagees elect to pursue foreclosure and sale and the sale provides a sufficient amount of money to extinguish the secured debt, the mortgagees may, of course, collect attorney's fees and interest from the proceeds. If the foreclosure sale brings less than the amount of the debt at the time of the fire and the mortgagees seek to recover any deficiency of the secured debt from the insurer, they are limited to the difference between the amount of the debt as of the date of the fire less any sales proceeds, with no allowance for attorney's fees, plus interest as provided by Code of Alabama § 8-8-1 (1975), which accrued from the date of fire to the date Allstate paid into court its liability under the policy. The mortgagees would be entitled to the interest which the funds have earned while on deposit with the court. In this event, the mortgagees must assign any remaining interest in the mortgage and note to Allstate, including any deficiency judgment they may have obtained against the mortgagors excluding attorney's fees, costs, and post-default interest.