ALMON, Justice
(Dissenting).
I respectfully dissent. The majority holds that the judgment should be reversed because Coosa Valley Production Credit Association suffered no damages. It is true that Coosa Valley extinguished the debt when it bid the entire amount of the debt plus costs and fees at the foreclosure sale. Muscle Shoals National Bank v. Hallmark, 399 So.2d 297 (Ala.1981). In my opinion, however, this extinguishment of the debt only serves to release James Adams from liability on the note. It does not resolve the question of whether Coosa Valley has suffered damages through Simpson’s negligence.
The highest estimate of the present value of the property with the life estate outstanding was $25,000.00; the lowest estimate was $10,000.00. Coosa Valley paid $93,923.25 at the foreclosure sale. The trial court’s award of $76,000.00 is amply supported by the evidence. Coosa Valley has expended large sums of money for which it can show only an encumbered title to property that presumably will remain unmarketable as long as Mrs. Adams lives. Because Coosa Valley has proved all elements of its cause of action against Simpson, I would affirm the judgment.
SHORES and ADAMS, JJ., concur.